**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ATARI, INC., *et al.*,[1] | ) | Case No. 13-10176 (JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, (II) ACCORDING ADMINISTRATIVE EXPENSE
STATUS FOR INTERCOMPANY RECEIVABLES, (III) AUTHORIZING
CONTINUED USE OF EXISTING BUSINESS FORMS, AND
(IV) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), for entry of interim and final orders pursuant

to sections 105(a), 345(b), 363(b), 363(c), 364(a), 503(b)(1) and 507(a)(2) of the Bankruptcy

Code and Bankruptcy Rules 6003 and 6004(h), (i) authorizing the Debtors' continued use of their

Cash Management System in accordance with the Debtors' prepetition ordinary business

practices, including the continued use of the Accounts, (ii) according administrative expense

status to intercompany receivables generated through the Cash Management System, (iii)

authorizing the continued maintenance of existing Business Forms, and (iv) granting related

relief, and upon consideration of the *Declaration of Robert A. Mattes (I) In Support of Chapter*

*11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the

"First Day Declaration"); and the record of the hearing on granting the relief sought in the

Motion on an interim basis that was held on January 24, 2013; and upon the record of the hearing

on granting the relief sought in the Motion on a final basis that was held on February 14, 2013;

---

[1] The Debtors are Atari, Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

and the Court having entered an Order [ECF No. 36] (the "Interim Order") granting the relief sought in the Motion on an interim basis; and the Court finding that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference M-431,* dated January 31, 2012 (Preska, C.J.); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Debtors' chapter 11 cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the relief requested in the Motion is in the best interest of the Debtors, their estates and their creditors; (e) proper and adequate notice of the Motion and the hearings thereon has been given and that no other or further notice is necessary; (f) cause exists, within the meaning of section 345 of the Bankruptcy Code, to permit the Debtors to deposit and invest funds in accordance with the terms hereof; (g) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; and (h) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion, the First Day Declaration and all of the proceedings had before the Court in connection with the Motion. Therefore,

**IT IS ORDERED THAT:**

1.     The Motion is granted to the extent set forth herein. Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn shall be, and hereby are, overruled on the merits.

2.     The provisions of this order (the "Final Order") are effective *nunc pro tunc* to the date of the commencement of the Debtors' chapter 11 cases (the "Petition Date").

3.     The Debtors are authorized to continue to manage their cash utilizing the Cash Management System maintained by the Debtors prior to the Petition Date, and to collect, concentrate, and disburse cash in accordance with their pre-Petition Date practices, including intercompany transfers.

4.      The Debtors are authorized to continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including without limitation those accounts identified on **Exhibit C** to the Motion (collectively, the "Accounts") and to treat the Accounts for all purposes as debtor-in-possession accounts of the Debtors.

5.      The Debtors are authorized to use, in their present form, all Business Forms, including but not limited to checks written manually and other documents related to the Accounts existing immediately before the Petition Date; provided, however, that as soon as reasonably practicable, the Debtors shall note their status as "Debtors-in-Possession" on all Business Forms.

6.      Except as otherwise expressly provided in this Final Order, the Banks are authorized to continue to service and administer the Accounts as debtor-in-possession accounts of the Debtors, without interruption and in the ordinary course, and subject to paragraph 9 below, to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Accounts by the holders or makers thereof to the extent the Debtors have good funds standing to their credit with the Banks, after the Petition Date by the holders or makers thereof, as the case may be.

7.      The Debtors are authorized to open any new bank accounts or close any of the existing Accounts as they deem necessary and appropriate in their sole discretion and the Banks are authorized to honor the Debtors' requests to open or close any of the Accounts; provided, however, that the Debtors may only open a bank account with a bank designated as an Authorized Depository under the U.S. Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

8.      The Debtors are directed to maintain accurate records of all transfers into and from the Accounts so that all postpetition transfers and transactions are adequately and promptly

3

documented in their books and records to the same extent maintained by the Debtors prior to the Petition Date.

9.      The Debtors are authorized to request the Banks, and the Banks are authorized to accept and honor all representations from the Debtors, as to which checks, drafts, wires or ACH transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the Petition Date.  The Banks have no duty to inquire as to whether such payments are authorized by an order of this Court, and have no duty to make payments in respect thereto unless the Debtors have good funds standing to their credit with the respective Bank.  The Banks will not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

10.     The Debtors are authorized, but not directed, to pay any bank fees or charges associated with the Accounts and arising prior to and after the Petition Date.  In the course of maintaining any of the Accounts for the Debtors, the Banks are authorized, without further Order of this Court, to continue to deduct from the appropriate Accounts, the Bank's customary fees and expenses incurred in connection with the Accounts.

11.     All intercompany claims arising after the Petition Date incurred in the ordinary course of business by and among the Debtors arising from intercompany transactions are accorded administrative expense status pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

4

12.    The Debtors shall put in place accounting procedures to identify and distinguish between prepetition and postpetition intercompany transactions and to track postpetition intercompany transactions.

13.    Nothing contained in this Final Order or the Motion shall constitute a rejection or an assumption by the Debtors of any executory contract or unexpired lease.

14.    Pursuant to Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order is immediately effective and enforceable upon its entry.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

16.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: New York, New York
       February 15, 2013

       _____*s/ James M. Peck*_____
       HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE