**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ATARI, INC., *et al.*, | Case No. 13-10176 (JMP) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT A LOYALTY PLAN AND (II) ADJOURNING CONSIDERATION OF THE SALE INCENTIVE PLAN

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an order authorizing the Debtors to adopt and implement the Incentive Plans pursuant to Bankruptcy Code sections 363(b), 503(c) and 105(a); and it appearing that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having held a hearing (the "<u>Hearing</u>") on the Motion as it relates to the approval of the Loyalty Plan; and the parties agreeing on the record at the Hearing that there were no objections to the Motion being granted as to the Loyalty Plan; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted to the extent set forth herein.

---

[1] The Debtors are: Atari, Inc.; Atari Interactive, Inc.; Humongous, Inc.; and California U.S. Holdings, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2.    The Debtors are fully authorized, but not directed, to (a) adopt and implement the
Loyalty Plan and make any payments required thereunder and (b) take such other action as may
be necessary to implement the Loyalty Plan.

3.    The authorization granted herein to make payments under the Loyalty Plan shall
not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents
to make such payments, and none of the foregoing persons shall have any liability on account of
any decisions by the Debtors not to honor the Loyalty Plan.

4.    The relief requested in the Motion as it relates to the Sale Incentive Plan shall be
heard on April 18, 2013 at 10:00 a.m. (prevailing Eastern Time) (the "Continued Hearing")
unless continued further and notice of any such further continuance shall be sufficient if
announced in open court at the Continued Hearing.

5.    The Debtors need not serve any further notice of the Continued Hearing.

6.    No party other than the Official Committee of Unsecured Creditors (the
"Committee") and the United States Trustee for the Southern District of New York (the "U.S.
Trustee") may object to the Sale Incentive Plan.

7.    Any objections by the Committee or the U.S. Trustee to the Sale Incentive Plan
must be filed with the Court and served on the (a) counsel to the Debtors, Akin Gump Strauss
Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn.: Ira S. Dizengoff, Esq.
and Kristine G. Manoukian, Esq.), 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036
(Attn.: Scott L. Alberino, Esq.); (b) U.S. Trustee, 33 Whitehall Street, Suite 2100, New York,
New York 10004 (Attn.: Richard C. Morrissey, Esq.); (c) counsel to the Committee, Cooley LLP,
1114 Avenue of the Americas, New York, New York 10036 (Attn.: Cathy Hershcopf, Esq. and
Jeffrey Cohen, Esq.); (d) counsel to the DIP Lender, Bracewell & Giuliani, 1251 Avenue of the

Americas, 49th Floor, New York, New York 10020 (Attn.: Robert G. Burns, Esq. and Andrew J.
Schoulder, Esq.); and (e) counsel to Atari, S.A., Allen & Overy LLP, 1221 Avenue of the
Americas, New York, New York 10020 (Attn.: Ken Coleman, Esq.) in a manner so as to be
actually received by no later than April 15, 2013 at 5:00 p.m. (prevailing Eastern Time).

8.      Nothing contained in this Order is, or shall be deemed, as approval of the Sale
Incentive Plan or the payments proposed to be made thereunder.

9.      Neither this Order nor any payment or performance by the Debtors authorized
hereunder shall be deemed an assumption of any executory contract or otherwise affect the
Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract.

10.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062
and 9014 or otherwise, the terms and conditions of this order shall be immediately effective and
enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief
granted pursuant to this Order in accordance with the Motion.

12.     This Court shall retain jurisdiction with respect to all matters arising from or
relating to the implementation of this order.

**Dated: April 11, 2013**
**New York, New York**

**/s/ James M. Peck**
_____
**Hon. James M. Peck**
**United States Bankruptcy Judge**