**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re | ) Chapter 11 |
| | ) |
| ATARI, INC. et al.,[1] | ) Case No. 13-10176 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER APPROVING THE DEBTORS'**
**DISCLOSURE STATEMENT AND ESTABLISHING**
**SOLICITATION AND VOTING PROCEDURES WITH RESPECT THERETO**

Upon the *Motion for an Order Approving the Debtors' Disclosure Statement* (the

"***Disclosure Statement***") *and Establishing Solicitation and Voting Procedures* (the "***Solicitation***

***Procedures***") *with Respect Thereto* (the "***Motion***"); and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. § 1408; and due

and proper notice of the Motion having been provided to the Noticed Parties,[2] and the Court

having reviewed the Disclosure Statement, the Motion, the papers in support thereof and the

responses thereto, if any, and the affidavits of service; and upon the Disclosure Statement, the

Motion, the papers in support thereof and the responses thereto, if any, and the record of the

hearing on October 29, 2013 in consideration of the same (the "***Hearing***"); and the Court having

found and determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and that the relief requested in the Motion is in

---

[1] The Debtors are Atari Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Motion or the Disclosure Statement, as applicable.

the best interests of the Debtors, their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The Disclosure Statement (as the same may be updated, supplemented, amended and/or otherwise modified from time to time, including in connection with the Hearing) contains "adequate information" within the meaning of Bankruptcy Code section 1125(a).

B.      The Disclosure Statement Hearing Notice was provided to the Noticed Parties and such notice constitutes good and sufficient notice to all interested parties, and no other or further notice need be provided.

C.      The form and manner of notice of the time set for filing objections to, and the time, date and place of, the hearing to consider the approval of the Disclosure Statement was adequate and comports with due process.

D.      The Solicitation Procedures and the Voting and Tabulation Procedures, both as set forth in the Motion and incorporated by reference herein, provide for a fair and equitable voting process and are consistent with Bankruptcy Code section 1126 and Bankruptcy Rule 3018(a).

E.      The materials to be provided in the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

F.      The Solicitation Procedures provide for adequate transmission of the Solicitation Package to holders of Claims and Interests in the Voting Classes and satisfy the requirements of Bankruptcy Rule 3017(e).

G.      The Ballots, substantially in the form attached hereto as **<u>Annexes 1–3</u>**, are sufficiently consistent with Official Form No. 14, with appropriate modifications to address the particular needs of these chapter 11 cases, and are appropriate for soliciting votes from holders of Claims in the Voting Classes.

H.     The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated.

I.     Ballots need not be provided to the holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Secured Tax Claims) and Class 6 (Interests) because the Plan provides that such Classes are unimpaired and, therefore, are conclusively presumed to accept the Plan.

J.     The period set forth below during which the Proponents may solicit acceptances of the Plan is a reasonable period of time for creditors to make an informed decision to accept or reject the Plan.

K.     The Confirmation Hearing Notice substantially in the form annexed hereto as **Annex 6,** and the procedures set forth below for providing such notice to all creditors and parties in interest of the time, date and place of the Confirmation Hearing and the contents of the Solicitation Package, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**NOW THEREFORE, IT IS ORDERED THAT**:

1.     The Motion is GRANTED to the extent provided herein.

2.     The Disclosure Statement is APPROVED.

3.     The Disclosure Statement Hearing Notice and the Proponents' distribution thereof comply with the requirements of Bankruptcy Rule 3017(a) and are hereby approved.

4.     The Proponents have provided adequate notice of the time fixed for filing objections to, and for the Hearing to consider approval of, the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017(a) and Local Bankruptcy Rule 3017-1.

5.      The Plan and Disclosure Statement provide creditors, interest holders and other parties in interest with sufficient notice regarding the release and injunction provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

6.      Any objections to the approval of the Disclosure Statement that were not withdrawn, deferred to confirmation or resolved prior to or at the Disclosure Statement Hearing are hereby overruled.

7.      The Solicitation Procedures are approved in their entirety.

8.      The Solicitation Package shall contain the following:

(a)      the Letter to Voting Classes, substantially in the form annexed hereto as **Annex 4**, that, among other things:   (i) describes the contents of the Solicitation Package; (ii) explains that a Plan supplement may be filed up to ten days before the Confirmation Hearing; and (iii) encourages holders in each of the Voting Classes to accept the Plan;

(b)      a CD-ROM containing the following:

    i.      the approved form of the Disclosure Statement (with the Plan annexed thereto and other exhibits); and

    ii.     the Disclosure Statement Order (without exhibits), as approved by the Court;

(c)      the appropriate form of Ballot and instructions with respect thereto; and

(d)      a letter from the Creditors' Committee regarding acceptance of the Plan, to the extent such letter is provided to the Debtors by the Creditors' Committee sufficiently in advance of production of the Solicitation Package to allow inclusion.

9.      The procedures for distribution of the Solicitation Package set forth in the Motion satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

10.     The Proponents are directed to distribute, or cause to be distributed, Solicitation Packages to:   (i) all persons and entities identified in the Schedules as holding liquidated, noncontingent and undisputed Claims in the Voting Classes in an amount greater than zero

dollars, excluding scheduled Claims that have been paid in full, superseded by filed proofs of claim or disallowed or expunged before the Solicitation Commencement Date; (ii) all persons and entities that timely filed proofs of claim in the Voting Classes, as reflected on the official claims register maintained by the Solicitation Agent, that allege dollar amounts greater than zero or that are contingent or unliquidated, but, in each case, only to the extent that the Claims have not been disallowed or expunged before the Solicitation Commencement Date and (iii) transferees and assignees of any creditors described in clauses (i) or (ii) above, but only to the extent that the relevant transfer or assignment is properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date. If a Claim has been temporarily disallowed for voting purposes pursuant to an order of the Court, the holder of such Claim shall not be entitled to receive a Solicitation Package.

11.     The forms of Ballots and instructions relating thereto, substantially in the forms attached hereto as **Annexes 1–3**, are hereby approved.

12.     Pursuant to Bankruptcy Rule 3017(a), the Proponents are not required to provide Ballots or copies of the Plan and Disclosure Statement to holders of Claims and Interests who are unimpaired or unclassified under the Plan and therefore are deemed to accept the Plan pursuant to Bankruptcy Code section 1126(f).

13.     The Letter to the Voting Classes, substantially in the form attached hereto as **Annex 4**, and the Proponents' proposed distribution thereof, are hereby approved.

14.     The Notice of Non-Voting Status, substantially in the form attached hereto as **Annex 5**, and the Proponents' proposed distribution thereof, are hereby approved.

15.     The Proponents shall be excused from mailing Solicitation Packages to those entities from which the Debtors have received notice from the United States Postal Service that any mail sent during these chapter 11 cases was undeliverable and to which the Debtors have

received no forwarding address and, after reasonable efforts, have been unable to locate.  An entity that has changed its mailing address after the Petition Date bears the burden to advise the Solicitation Agent of its new address.

16.    October 29, 2013 is established as the Voting Record Date for purposes of this Order and determining (i) the holders of Claims and Interests that are entitled to receive the Solicitation Package, (ii) the holders of Claims and Interests, including the identity of holders, that are entitled to vote to accept or reject the Plan and (iii) which holders of Claims and Interests in non-voting Classes are entitled to receive the appropriate Notice of Non-Voting Status.

17.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot. To be counted as a vote to accept or reject the Plan, all Ballots must be properly executed, completed and delivered by (i) first class mail, (ii) overnight courier or (iii) personal delivery so as to **actually be received** by the Solicitation Agent no later than the Voting Deadline at the appropriate return address set forth in the Ballot.

18.    Solely for purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim and without prejudice to the rights of the Proponents in any other context, each holder of a Voting Class Claim shall be entitled to vote the amount of such Claim as set forth in the Schedules (as may be amended from time to time) unless such holder has timely filed a proof of claim, in which event such holder would instead be entitled to vote the amount of such Claim as set forth in such proof of claim.  The foregoing general procedure will be subject to the following limitations:

    a.    if a Claim is deemed "Allowed" pursuant to an agreement with the Proponents or an order of the Court, such Claim shall be "Allowed" for voting purposes in the "Allowed" amount set forth in such agreement or the Court's order;

    b.    if a Claim for which a proof of claim has been timely filed is wholly contingent or unliquidated or filed for unknown or undetermined amounts, including all claims based on pending litigations not subject to a judgment against any of the Debtors,

and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00;

c.  if the Debtors file an objection to a Claim, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection;

d.  if a Claim has been "disallowed" by agreement of the Claim holder or order of the Court at any time before the Voting Deadline, such Claim shall also be disallowed for voting purposes;

e.  if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be deemed temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

f.  if a Claim is listed in the Schedules as contingent, unliquidated or disputed, or undetermined in amount or for $0.00, and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court before the Voting Deadline, then, unless the Proponents have consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes, such claim shall be deemed disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

g.  Claims filed for $0.00 are not entitled to vote;

h.  if a Claim is partially liquidated and partially unliquidated and (i) no objection to it has been filed by the Voting Deadline and (ii) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be deemed allowed for voting purposes only in the liquidated amount;

i.  if the obligation underlying a Claim against one of the Debtors is the subject of a guarantee by another of the Debtors or a Claim was otherwise filed against more than one Debtor on account of the same obligation, only one such Claim shall be deemed allowed for voting purposes;

j.  if (i) the obligation underlying a Claim against one of the Debtors is the subject of a guarantee of another Debtor and (ii) such Claim is an Unimpaired Claim, any

Claim filed in respect of such guarantee shall be deemed disallowed for voting purposes;

k.  if a proof of claim has been amended by a later-filed proof of claim, the later-filed amending claim shall be entitled to vote to the extent consistent with the tabulation rules set forth in this paragraph, and the earlier filed claim will not be entitled to vote;

l.  if no votes to accept or reject the Plan are received for a particular Class that is entitled to vote on the Plan, such Class shall be deemed to have voted to accept the Plan;

m.  for purposes of the numerosity requirement of Bankruptcy Code section 1126(c), separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan; and

n.  notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased (i) duplicate Voting Class Claims (whether against the same or multiple Debtors) or (ii) Claims against multiple Debtors arising from the same transaction (*e.g.*, guarantee claims or claims for joint or several liability), be provided with only one Solicitation Package and one Ballot and be permitted to vote only a single Claim, regardless of whether the Debtors have objected to such duplicate Claims.

19.  Any creditor that seeks to challenge the allowance or disallowance of its Claim for voting purposes must serve on the Proponents and the Creditors' Committee, and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) calendar day after the later of (i) the Solicitation Commencement Date and (ii) the date of service of an objection, if any, to such Claim.  For any creditor that files such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.

20.  If a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last dated and properly completed and executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior

Ballots. Creditors with multiple Voting Class Claims must vote all of their Claims either to accept or reject the Plan and may not split their votes. No Ballot that partially rejects and partially accepts the Plan will be counted, nor will any Ballot be counted that is filed by a creditor with multiple Voting Class Claims that votes inconsistently.

21.    Without further order of the Court, except as otherwise set forth herein, the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:

(i)    any Ballot that is properly completed and executed and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(ii)   any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Interest;

(iii)  any Ballot that is submitted by a holder of a Claim or Interest not in a Voting Class or otherwise not entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules or otherwise;

(iv)   any Ballot that is unsigned or non-originally signed Ballot;

(v)    any Ballot actually received by the Solicitation Agent after the Voting Deadline, unless the Debtors shall have granted in writing (including by email or other informal means) an extension of the Voting Deadline for such Ballot;

(vi)   any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed;

(vii)  any Ballot sent directly to any of the Debtors, their agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors or to any other party other than the Solicitation Agent;

(viii) any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise); and

(ix)   any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means.

22.    A holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a).

23.     Subject to any contrary Order of this Court, the Proponents may reject any and all Ballots the acceptance of which, in the opinion of the Proponents, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules.

24.     Subject to any contrary Order of this Court, the Proponents may waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice.

25.     None of the Proponents, the Solicitation Agent or any other person or entity shall be under any duty to provide notification of defects or irregularities in delivered Ballots, nor shall the Debtors, the Solicitation Agent or any other person or entity incur any liability for failure to provide such notification.

26.     The Solicitation Agent may disregard any and all defective Ballots with no further notice to any other person or entity.

27.     The Voting Deadline shall be November 25, 2013, at 5:00 p.m. (prevailing Eastern time).

28.     The Proponents shall file the Tabulation Affidavit no later than November 27, 2013.

29.     The Plan Objection Deadline shall be November 27, 2013 at 5:00 p.m. (prevailing Eastern time).

30.     The Proponents shall file their consolidated reply to any objections to confirmation of the Plan no later than December 3, 2013.

31.     The Confirmation Hearing shall commence on December 5, 2013 at 10:00 a.m. (prevailing Eastern time), which hearing may be continued from time to time without further notice to parties in interest other than such adjournment announced in open court or a notice of adjournment filed with the Court and served on the Noticed Parties and the entities who have filed objections to the Plan.

32.     The form of Confirmation Hearing Notice, attached hereto as **Annex 6**, complies with Bankruptcy Rules 2002(b) and (d) and 3017(d) and is hereby approved, and shall be distributed to all known parties in interest.

33.     As soon as reasonably practicable after the Solicitation Commencement Date, the Proponents shall publish a modified version of the Confirmation Hearing Notice, substantially in the form attached hereto as **Annex 6**, on one occasion in the national edition of *USA Today*. Such notice, which shall provide notice of the Confirmation Objection Deadline, the Voting Deadline and the first date on which the Confirmation Hearing is scheduled, is approved and deemed to provide adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002(l).

34.     Any objections to confirmation of the Plan or proposed modifications thereto must:  (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; and (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection.

35.     Any objections to the Plan must be filed, together with proof of service, with the Court and served, so as to be actually received, no later than the Plan Objection Deadline, by: (a) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Kristine G. Manoukian, Esq. and Robert S. Strauss Building, 1333 New Hampshire Ave., N.W., Washington, DC 20036-1564, Attn: Scott L. Alberino, Esq.; (b) counsel to the Sponsor, Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Ken Coleman, Esq. and Jonathan Cho, Esq.; (c) the U.S. Trustee, 201 Varick Street, New York, New York 10014, Attn: Richard C. Morrissey, Esq.; (d) counsel to Alden, Bracewell & Giuliani, 1251 Avenue of the Americas, 49th Floor, New

York, New York 10020, Attn: Robert G. Burns, Esq. and Andrew J. Schoulder, Esq.; (e) counsel

to the Creditors' Committee, Cooley, LLP, 1114 Avenue of the Americas, New York, New York

10036, Attn: Cathy Hershcopf, Esq. and Jeffrey L. Cohen, Esq.; and (f) all parties having filed a

notice of appearance in these cases.

36.     Objections to confirmation of the Plan that are not timely filed, served and

actually received in the manner set forth above may not be considered by the Court and shall be

overruled.

37.     The scope of services previously authorized by the *Order Authorizing Retention

and Appointment of BMC Group, Inc. as Claims and Noticing Agent Under 28 U.S.C. § 156(c),

11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief*

[Docket No. 85] to be provided by BMC Group, Inc. ("***BMC***") are hereby expanded to include

the following additional services that BMC may render in its capacity as the Proponents'

Solicitation Agent:   (i) distributing the Solicitation Package; (ii) receiving, tabulating and

reporting on Ballots received to accept or reject the Plan; (iii) responding to inquiries from

holders of Claims and Interests and other parties in interest relating to the Disclosure Statement,

the Plan, the Ballots, the Solicitation Package and all other documents and matters related

thereto, including, without limitation, the procedures and requirements for voting to accept or

reject the Plan and for objecting to the Plan; (iv) soliciting votes on the Plan; and (v) if necessary,

contacting creditors and holders of Claims and Interests regarding the solicitation process.

38.     The terms of this Order shall be binding upon the Proponents, all holders of

Claims and Interests and all other parties in interest.

39.     All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

40.     The requirements set forth in Local Bankruptcy Rules 3017-1, 3018-1 and 3020-1 are satisfied by the contents of the Motion.

41.     The Proponents are authorized to take or refrain from taking all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

42.     The Proponents are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan and related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to delivery.

43.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

44.     The Court shall retain jurisdiction, including following the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: October 29, 2013
       New York, New York

                              */s/ James M. Peck*
                              THE HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE

## **Index of Annexes**

Annex 1 ................................................................. Alden Secured Claim Against Atari, Inc. Ballot

Annex 2 ...................................................................... General Unsecured Claims Ballot

Annex 3 ................................................................. Sponsor Intercompany Claims Ballot

Annex 4 ......................................................................................... Letter to Voting Classes

Annex 5 ...................................................................... Notice of Non-Voting Status

Annex 6 ............................................................................. Confirmation Hearing Notice

**ANNEX 1**

**Class 3 – Alden Secured Claim Against Atari, Inc. Ballot**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE
ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED
WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | ) |
| In re | ) Chapter 11 |
| | ) |
| ATARI, INC. et al.,[1] | ) Case No. 13-10176 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' JOINT
### PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 3 ALDEN SECURED CLAIM AGAINST ATARI, INC.

HOLDER OF CLASS 3 ALDEN SECURED CLAIM AGAINST
ATARI, INC.:  YOUR BALLOT MUST BE *RECEIVED* BY THE
SOLICITATION AGENT BY 5:00 P.M. (PREVAILING
EASTERN TIME) ON NOVEMBER 25, 2013 (THE "VOTING
DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED
(UNLESS SUCH DEADLINE IS EXTENDED).

This Ballot is submitted to you by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") and Atari, S.A. (the "***Sponsor***" and collectively with the Debtors, the "***Proponents***") to solicit your vote to accept or reject the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated September 20, 2013 (the "***Plan***"), which is described in the accompanying *Disclosure Statement for Debtors' Joint Plan of Reorganization Under to Chapter 11 of the Bankruptcy Code*, dated September 20, 2013 (as amended from time to time and including all exhibits and supplements thereto, the "***Disclosure Statement***").  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, Disclosure Statement or order approving the Disclosure Statement, as applicable.

The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a).  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).  To have your vote counted, you must complete, sign and return this Ballot to the Solicitation Agent (as defined below) so that it is received by the Voting Deadline indicated above.

Your rights are described in the Disclosure Statement.  The Disclosure Statement, Plan, Solicitation Procedures and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  The Solicitation Package (except Ballots) can be obtained (i) from the BMC Group, Inc., (the "***Solicitation Agent***") by (a) writing to BMC Group, Inc., Attn: Atari Claims Processing, PO BOX 3020,

---

[1] The Debtors are Atari Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

Chanhassen, MN 55317-3020, (b) calling the Debtors' bankruptcy hotline at (888) 909-0100 or (c) visiting the Debtors' bankruptcy website at www.bmcgroup.com/atari or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Bankruptcy Code section 1125. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. Bankruptcy Court approval of the Disclosure Statement, however, does not indicate approval of the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you received this Ballot in error, please contact the Solicitation Agent as specified above.

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan and your acceptance or rejection of the Plan. Your Claim(s) against Atari, Inc. has been placed in Class 3 under the Plan.

**YOUR RECEIPT OF THIS BALLOT DOES NOT INDICATE THAT YOUR CLAIM AGAINST ATARI, INC. HAS BEEN OR WILL BE ALLOWED.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE SOLICITATION AGENT AT (888) 909-0100. PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

*[remainder of page intentionally left blank]*

INSTRUCTIONS

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.  CAST YOUR VOTE TO **ACCEPT** OR **REJECT** THE PLAN.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS CONTAINED IN ITEM 3.

4. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT OR REJECT THE PLAN.  YOU MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.  IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.

7. **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINAL, EXECUTED AND PROPERLY COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. (THE "*SOLICITATION AGENT*") NO LATER THAN <u>5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 25, 2013</u> (THE "*VOTING DEADLINE*") BY MAIL (A PRE-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY AT THE APPLICABLE ADDRESS BELOW:**

   **If By Regular Mail:**                    **If By Courier/Overnight Delivery**
   BMC Group, Inc.                            BMC Group, Inc.
   Attn: Atari Claims Processing              Attn: Atari Claims Processing
   P.O. Box 3020                              18675 Lake Drive East
   Chanhassen, MN 55317-3020                  Chanhassen, MN 55317

   **THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION, EMAIL OR OTHER ELECTRONIC MEANS.**

8. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED OR CONSIDERED FOR ANY PURPOSE UNLESS THE DEBTORS HAVE GRANTED AN EXTENSION OF THE VOTING DEADLINE WITH RESPECT TO SUCH BALLOT.

9. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CLAIMANT, OR AN ATTORNEY-AT-LAW ACTING FOR THE CLAIMANT, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

**Item 1.  Principal Amount of Class 3 Alden Secured Claim Against Atari, Inc.** The undersigned certifies that as of the Voting Record Date, October 29, 2013, the undersigned was the holder of a Class 3 Alden Secured Claim Against Atari, Inc. in the following amount:

$ _____

**Item 2.  Class 3 Alden Secured Claim Against Atari, Inc.** The undersigned, a holder of a Class 3 Alden Secured Claim Against Atari, Inc. identified in Item 1 above votes as follows (check one box; if you fail to check one of the boxes below, or if you check both of the boxes below, but the Ballot is otherwise properly completed and returned, your Ballot will not be counted as either an acceptance or rejection of the Plan):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

*[remainder of page intentionally left blank]*

**Item 3.  Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges and certifies that:

(a) the undersigned is the holder of a Class 3 Alden Secured Claim Against Atari, Inc. or has the power and authority to vote to accept or reject the Plan on behalf of the claimant;

(b) the amount indicated in Item 1 is correct or, if incorrect, will be binding as indicated upon the undersigned for purposes of voting to accept or reject the Plan;

(c) it has been provided with a Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan;

(d) the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement;

(e) if this Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, it will not be counted as either an acceptance or rejection of the Plan; and

(f) the vote reflected on this Ballot is binding on its successors, heirs and assigns, including, without limitation, any transferee.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor (Please Print) | Street Address |
| _____ | _____ |
| Tax Identification Number/Social Security Number | City, State, Zip Code |
| _____ | _____ |
| Authorized Signature | Telephone Number |
| _____ | _____ |
| If  by Authorized Agent, Name and Title[2] | Date Completed |

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertions of a claim or equity interest, or the allowance of a claim or equity interest.

---

[2] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (i) the signatory is an officer or employee of the entity that is the creditor or (ii) the signatory is an individual creditor.

**ANNEX 2**

**Class 4 – General Unsecured Claims Ballot**

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | ) |
| In re | ) Chapter 11 |
| | ) |
| ATARI, INC. et al.,[1] | ) Case No. 13-10176 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' JOINT
### PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

#### CLASS 4 GENERAL UNSECURED CLAIMS

> **HOLDERS OF CLASS 4 GENERAL UNSECURED CLAIMS: YOUR BALLOT MUST BE *RECEIVED* BY THE SOLICITATION AGENT BY 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 25, 2013 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED (UNLESS SUCH DEADLINE IS EXTENDED).**

This Ballot is submitted to you by the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") and Atari, S.A. (the "*Sponsor*" and collectively with the Debtors, the "*Proponents*") to solicit your vote to accept or reject the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated September 20, 2013 (the "*Plan*"), which is described in the accompanying *Disclosure Statement for Debtors' Joint Plan of Reorganization Under to Chapter 11 of the Bankruptcy Code*, dated September 20, 2013 (as amended from time to time and including all exhibits and supplements thereto, the "*Disclosure Statement*"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, Disclosure Statement or order approving the Disclosure Statement, as applicable.

The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b). To have your vote counted, you must complete, sign and return this Ballot to the Solicitation Agent (as defined below) so that it is received by the Voting Deadline indicated above.

Your rights are described in the Disclosure Statement. The Disclosure Statement, Plan, Solicitation Procedures and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. The Solicitation Package (except Ballots) can be obtained (i) from the BMC Group, Inc., (the "*Solicitation Agent*") by (a) writing to BMC Group, Inc., Attn: Atari Claims Processing, PO BOX 3020,

---

[1] The Debtors are Atari Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

Chanhassen, MN 55317-3020, (b) calling the Debtors' bankruptcy hotline at (888) 909-0100 or (c) visiting the Debtors' bankruptcy website at www.bmcgroup.com/atari or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Bankruptcy Code section 1125. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. Bankruptcy Court approval of the Disclosure Statement, however, does not indicate approval of the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you received this Ballot in error, please contact the Solicitation Agent as specified above.

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan and your acceptance or rejection of the Plan. Your General Unsecured Claim(s) have been placed in Class 4 under the Plan.

**YOUR RECEIPT OF THIS BALLOT DOES NOT INDICATE THAT YOUR GENERAL UNSECURED CLAIM HAS BEEN OR WILL BE ALLOWED.**

**THIS BALLOT REPRESENTS GENERAL UNSECURED CLAIMS AGAINST ATARI INC., ATARI INTERACTIVE, INC., HUMONGOUS, INC., AND CALIFORNIA U.S. HOLDINGS, INC.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE SOLICITATION AGENT AT (888) 909-0100. PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

*[remainder of page intentionally left blank]*

<u>INSTRUCTIONS</u>

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2. CAST YOUR VOTE TO **ACCEPT** OR **REJECT** THE PLAN.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS CONTAINED IN ITEM 3.

4. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT OR REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED. IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.

7. **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINAL, EXECUTED AND PROPERLY COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. (THE "*SOLICITATION AGENT*") NO LATER THAN <u>5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 25, 2013</u> (THE "*VOTING DEADLINE*") BY MAIL (A PRE-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY AT THE APPLICABLE ADDRESS BELOW:**

   | **If By Regular Mail:** | **If By Courier/Overnight Delivery** |
   |---|---|
   | BMC Group, Inc. | BMC Group, Inc. |
   | Attn: Atari Claims Processing | Attn: Atari Claims Processing |
   | P.O. Box 3020 | 18675 Lake Drive East |
   | Chanhassen, MN 55317-3020 | Chanhassen, MN 55317 |

   **THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION, EMAIL OR OTHER ELECTRONIC MEANS.**

8. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED OR CONSIDERED FOR ANY PURPOSE UNLESS THE DEBTORS HAVE GRANTED AN EXTENSION OF THE VOTING DEADLINE WITH RESPECT TO SUCH BALLOT.

9. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CLAIMANT, OR AN ATTORNEY-AT-LAW ACTING FOR THE CLAIMANT, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

**Item 1.  Principal Amount of Class 4 General Unsecured Claim.**  The undersigned certifies that as of the Voting Record Date, October 29, 2013, the undersigned was the holder of a Class 4 General Unsecured Claim against the Debtors in the following amount:

$ _____

**Item 2.  Class 4 General Unsecured Claim Vote**.  The undersigned, a holder of a Class 4 General Unsecured Claim identified in Item 1 above votes as follows (check one box; if you fail to check one of the boxes below, or if you check both of the boxes below, but the Ballot is otherwise properly completed and returned, your Ballot will not be counted as either an acceptance or rejection of the Plan):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

*[remainder of page intentionally left blank]*

4

**Item 3.  Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges and certifies that:

(a)  the undersigned is the Holder of Class 4 General Unsecured Claim or has the power and authority to vote to accept or reject the Plan on behalf of the claimant;

(b) the amount indicated in Item 1 is correct or, if incorrect, will be binding as indicated upon the undersigned for purposes of voting to accept or reject the Plan;

(c) it has been provided with a Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan;

(d) the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement;

(e) if this Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, it will not be counted as either an acceptance or rejection of the Plan; and

(f) the vote reflected on this Ballot is binding on its successors, heirs and assigns, including, without limitation, any transferee.


| | |
|---|---|
| Name of Creditor (Please Print) | Street Address |
| Tax Identification Number/Social Security Number | City, State, Zip Code |
| Authorized Signature | Telephone Number |
| If  by Authorized Agent, Name and Title[2] | Date Completed |


This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertions of a claim or equity interest, or the allowance of a claim or equity interest.

---

[2] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (i) the signatory is an officer or employee of the entity that is the creditor or (ii) the signatory is an individual creditor.

**ANNEX 3**

<u>**Class 5 – Sponsor Intercompany Claims Ballot**</u>

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ATARI, INC. et al.,[1] | ) Case No. 13-10176 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 5 SPONSOR INTERCOMPANY CLAIMS

> **HOLDER OF CLASS 5 SPONSOR INTERCOMPANY CLAIMS: YOUR BALLOT MUST BE *RECEIVED* BY THE SOLICITATION AGENT BY 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 25, 2013 (THE "VOTING DEADLINE") OR YOUR VOTE WILL NOT BE COUNTED (UNLESS SUCH DEADLINE IS EXTENDED).**

This Ballot is submitted to you by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") and Atari, S.A. (the "***Sponsor***" and collectively with the Debtors, the "***Proponents***") to solicit your vote to accept or reject the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated September 20, 2013 (the "***Plan***"), which is described in the accompanying *Disclosure Statement for Debtors' Joint Plan of Reorganization Under to Chapter 11 of the Bankruptcy Code*, dated September 20, 2013 (as amended from time to time and including all exhibits and supplements thereto, the "***Disclosure Statement***"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, Disclosure Statement or order approving the Disclosure Statement, as applicable.

The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims or Interests in each impaired Class that vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b). To have your vote counted, you must complete, sign and return this Ballot to the Solicitation Agent (as defined below) so that it is received by the Voting Deadline indicated above.

Your rights are described in the Disclosure Statement. The Disclosure Statement, Plan, Solicitation Procedures and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. The Solicitation Package (except Ballots) can be obtained (i) from the BMC Group, Inc., (the "***Solicitation Agent***") by (a) writing to BMC Group, Inc., Attn: Atari Claims Processing, PO BOX 3020,

---

[1] The Debtors are Atari Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

Chanhassen, MN 55317-3020, (b) calling the Debtors' bankruptcy hotline at (888) 909-0100 or (c) visiting the Debtors' bankruptcy website at www.bmcgroup.com/atari or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Bankruptcy Code section 1125. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. Bankruptcy Court approval of the Disclosure Statement, however, does not indicate approval of the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you received this Ballot in error, please contact the Solicitation Agent as specified above.

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan and your acceptance or rejection of the Plan. Your Intercompany Claims have been placed in Class 5 under the Plan.

**YOUR RECEIPT OF THIS BALLOT DOES NOT INDICATE THAT YOUR INTERCOMPANY CLAIMS HAVE BEEN OR WILL BE ALLOWED.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE SOLICITATION AGENT AT (888) 909-0100. PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

*[remainder of page intentionally left blank]*

INSTRUCTIONS

1. COMPLETE ITEM 1.

2. COMPLETE ITEM 2.  CAST YOUR VOTE TO **ACCEPT** OR **REJECT** THE PLAN.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS CONTAINED IN ITEM 3.

4. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT OR REJECT THE PLAN.  YOU MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.  IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.

7. **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR ORIGINAL, EXECUTED AND PROPERLY COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY BMC GROUP, INC. (THE "*SOLICITATION AGENT*") NO LATER THAN <u>5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 25, 2013</u> (THE "*VOTING DEADLINE*") BY MAIL (A PRE-ADDRESSED ENVELOPE IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY AT THE APPLICABLE ADDRESS BELOW:**

   **If By Regular Mail:**                    **If By Courier/Overnight Delivery**
   BMC Group, Inc.                            BMC Group, Inc.
   Attn: Atari Claims Processing              Attn: Atari Claims Processing
   P.O. Box 3020                              18675 Lake Drive East
   Chanhassen, MN 55317-3020                  Chanhassen, MN 55317

   **THE SOLICITATION AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION, EMAIL OR OTHER ELECTRONIC MEANS.**

8. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED OR CONSIDERED FOR ANY PURPOSE UNLESS THE DEBTORS HAVE GRANTED AN EXTENSION OF THE VOTING DEADLINE WITH RESPECT TO SUCH BALLOT.

9. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CLAIMANT, OR AN ATTORNEY-AT-LAW ACTING FOR THE CLAIMANT, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

**Item 1.  Principal Amount of Class 5 Sponsor Intercompany Claims.**  The undersigned certifies that as of the Voting Record Date, October 29, 2013b  , the undersigned was the holder of a Class 5 Sponsor Intercompany Claim in the following amount:

$ _____

**Item 2.  Class 5 Sponsor Intercompany Claims.**  The undersigned, a holder of a Sponsor Intercompany Claim identified in Item 1 above votes as follows (check one box; if you fail to check one of the boxes below, or if you check both of the boxes below, but the Ballot is otherwise properly completed and returned, your Ballot will not be counted as either an acceptance or rejection of the Plan):

☐ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

*[remainder of page intentionally left blank]*

**Item 3.  Certifications and Acknowledgments**.  By signing this Ballot, the undersigned acknowledges and certifies that:

> (a)  the undersigned is the Holder of a Class 5 Sponsor Intercompany Claim or has the power and authority to vote to accept or reject the Plan on behalf of the claimant;

> (b) the amount indicated in Item 1 is correct or, if incorrect, will be binding as indicated upon the undersigned for purposes of voting to accept or reject the Plan;

> (c) it has been provided with a Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan;

> (d) the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement;

> (e) if this Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, or indicates both acceptance and rejection of the Plan, it will not be counted as either an acceptance or rejection of the Plan; and

> (f) the vote reflected on this Ballot is binding on its successors, heirs and assigns, including, without limitation, any transferee.

| | |
|---|---|
| Name of Creditor (Please Print) | Street Address |
| Tax Identification Number/Social Security Number | City, State, Zip Code |
| Authorized Signature | Telephone Number |
| If  by Authorized Agent, Name and Title[1] | Date Completed |

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertions of a claim or equity interest, or the allowance of a claim or equity interest.

---

[1] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (i) the signatory is an officer or employee of the entity that is the creditor or (ii) the signatory is an individual creditor.

**ANNEX 4**

**<u>Letter to Voting Classes</u>**

**Atari, Inc., Atari Interactive, Inc., Humongous, Inc. &**
**California U.S. Holdings, Inc.**
c/o BMC Group, Inc.
P.O. Box 3020
Chanhassen, MN 55317-3020

[_____], 2013

Re:    Solicitation of Votes to Accept or Reject the Proposed Joint Plan of Reorganization

On September 20, 2013, Atari, Inc., Atari Interactive, Inc., Humongous, Inc. and California U.S. Holdings, Inc. as debtors and debtors in possession (collectively, the "***Debtors***") and Atari, S.A. (the "***Sponsor***" and collectively with the Debtors, the "***Proponents***") filed the following documents with the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"):

(a)    Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as amended from time to time and including all exhibits and supplements thereto, the "***Disclosure Statement***"); and

(b)    Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as amended from time to time and including all exhibits and supplements thereto, the "***Plan***").[1]

On September 20, 2013, the Proponents filed a motion with the Bankruptcy Court seeking an order approving the Disclosure Statement and seeking relief related thereto (the "***Disclosure Statement Motion***").  On [_____], 2013, the Bankruptcy Court entered an order approving the relief sought in the Disclosure Statement Motion (the "***Disclosure Statement Order***"), which, among other things, approved certain procedures with respect to the solicitation of votes to accept or reject the Plan.  A hearing on confirmation of the Plan currently is scheduled to commence on December 5, 2013.  A supplement to the Plan and/or Disclosure Statement may be filed on or before ten days before the Confirmation Hearing.

**You have received this letter and the enclosed materials because you may be entitled to vote on the Plan.**

The enclosed materials constitute the Proponents' "***Solicitation Package***" and consist of the following:

(a)    this cover letter;

(b)    A CD-ROM containing the following:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement, the Disclosure Statement Motion (as defined herein) or the Disclosure Statement Order (as defined herein), as applicable.

(i)     the approved form of the Disclosure Statement (with the Plan annexed thereto and other exhibits); and

(ii)    the Disclosure Statement Order (without exhibits), as approved by the Bankruptcy Court;

(c)     the appropriate form of Ballot and instructions with respect thereto; and

(d)     a letter from the Creditors' Committee regarding acceptance of the Plan, to the extent such letter is provided to the Debtors by the Creditors' Committee sufficiently in advance of production of the Solicitation Package to allow inclusion.

The Board of Directors of each of the Debtors has approved the filing and solicitation of the Plan.  The Proponents believe that the acceptance of the Plan is in the best interests of the holders of Claims against and Interests in each of the Debtors.  Moreover, the Proponents believe that any alternative other than confirmation of the Plan could result in extensive delays and increased administrative expenses, thereby resulting in smaller distributions or no distributions at all on account of Claims or Interests.

**THE PROPONENTS THEREFORE RECOMMEND THAT ALL ENTITIES ENTITLED TO VOTE SUBMIT A TIMELY BALLOT VOTING TO ACCEPT THE PLAN.**

The materials in the Solicitation Package are intended to be self-explanatory.  If you have any questions, however, please feel free to contact the Solicitation Agent by mail at BMC Group, Inc., Attn: Atari Claims Processing, PO BOX 3020, Chanhassen, MN 55317-3020 or by phone at (888) 909-0100.

Sincerely,


_/s/_ _____
Name:
Title:

**ANNEX 5**

**<u>Notice of Non-Voting Status</u>**

AKIN GUMP STRAUSS HAUER & FELD LLP

One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Ira S. Dizengoff
Kristine G. Manoukian

Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
Scott L. Alberino (*Admitted Pro Hac Vice*)

*Attorneys for the Debtors and Debtors in Possession*

ALLEN & OVERY LLP

1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 610-6300
Facsimile:  (212) 610-6399
Ken Coleman
Jonathan Cho

*Attorneys for the Sponsor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| ATARI, INC., *et al.*,[1] | ) ) Case No. 13-10176 (JMP) |
| Debtors. | ) ) (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED
CLAIMS AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN**

**PLEASE TAKE NOTICE** that:

On or about September 20, 2013, the Debtors and Atari, S.A. (the "***Sponsor***" and collectively with the Debtors, the "***Proponents***") filed (i) the Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Disclosure Statement***") and (ii) the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "***Plan***").  On September 20, 2013, the Proponents filed a motion seeking approval of the Debtors' Disclosure Statement and other related relief (the "***Disclosure Statement Motion***").

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") entered an order (the "***Disclosure Statement Order***") that, among other things, (i) approved the Disclosure Statement filed in support of the Plan as

---

[1] The Debtors are Atari, Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

containing "adequate information" as required under section 1125(a) of title 11 of the United States Code (the "***Bankruptcy Code***") and (ii) authorized the Proponents to solicit votes to accept or reject the Plan.  The Voting Deadline is November 25, 2013.[2]

The Disclosure Statement Order established December 5, 2013 as the date for a hearing to commence at which the Proponents will seek approval of the Plan.  A separate notice is being sent to you that describes the procedures for objecting to the Plan.

**You are receiving this notice because, under the terms of the Disclosure Statement Order, either: (i) your Claim(s) or Interest(s) is/are unclassified pursuant to Bankruptcy Code section 1123(a)(1) and, therefore, you are not entitled to vote on the Plan; (ii) your Claim(s) or Interest(s) against the Debtors is/are "unimpaired" and, therefore, in accordance with Bankruptcy Code section 1126(f), you are (a) deemed to have accepted the Plan and (b) not entitled to vote on the Plan.**

Based on the foregoing, you will not receive a complete Solicitation Package, and no ballot to vote to accept or reject the Plan is enclosed.  Accordingly, this notice is being sent to you for informational purposes only.  Consistent with the Disclosure Statement Order, parties may obtain copies of the Disclosure Statement Order, the Disclosure Statement, the Plan and other documents and materials included in the Solicitation Package (except Ballots) (i) from the BMC Group, Inc., (the "***Solicitation Agent***") by (a) writing to BMC Group, Inc., Attn: Atari Claims Processing, PO BOX 3020, Chanhassen, MN 55317-3020, (b) calling the Debtors' bankruptcy hotline at (888) 909-0100 or (c) visiting the Debtors' bankruptcy website at www.bmcgroup.com/atari or (ii) for a fee via PACER at https://ecf.nysb.uscourts.gov.

If you have any questions about the status of your Claim(s), you should contact the Solicitation Agent in accordance with the instructions provided above.

New York, New York                         Respectfully submitted,
Dated: _____, 2013

                                           AKIN GUMP STRAUSS HAUER & FELD LLP

                                           By: _____
                                                Ira S. Dizengoff
                                                Kristine G. Manoukian
                                                One Bryant Park
                                                New York, New York 10036
                                                Telephone:  (212) 872-1000
                                                Facsimile:  (212) 872-1002
                                                idizengoff@akingump.com
                                                kmanoukian@akingump.com

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement, the Disclosure Statement Motion or the Disclosure Statement Order, as applicable

Scott L. Alberino
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
salberino@akingump.com

*Attorneys for the Debtors and Debtors in Possession*

–and–

ALLEN & OVERY LLP

By: _____

Ken Coleman
Jonathan Cho
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 610-6300
Facsimile:  (212) 610-6399
Ken.Coleman@AllenOvery.com
Jonthan.Cho@AllenOvery.com

*Attorneys for the Sponsor*

**ANNEX 6**

**Confirmation Hearing Notice**

AKIN GUMP STRAUSS HAUER & FELD LLP          ALLEN & OVERY LLP
One Bryant Park                                                 1221 Avenue of the Americas
New York, New York 10036                                New York, New York 10020
Telephone:  (212) 872-1000                              Telephone:  (212) 610-6300
Facsimile:  (212) 872-1002                               Facsimile:  (212) 610-6399
Ira S. Dizengoff                                                 Ken Coleman
Kristine G. Manoukian                                       Jonathan Cho

Robert S. Strauss Building                                *Attorneys for the Sponsor*
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
Scott L. Alberino (*Admitted Pro Hac Vice*)

*Attorneys for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ATARI, INC., *et al.*,[1] | ) Case No. 13-10176 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF ENTRY OF ORDER (I) APPROVING DISCLOSURE STATEMENT;**
**(II) APPROVING SOLICITATION AND NOTICE MATERIALS; (III) APPROVING**
**FORMS OF BALLOTS; (IV) ESTABLISHING SOLICITATION AND VOTING**
**PROCEDURES; (V) ESTABLISHING PROCEDURES FOR ALLOWING AND**
**ESTIMATING CERTAIN CLAIMS FOR VOTING PURPOSES; (VI)**
**SCHEDULING A CONFIRMATION HEARING AND (VII)**
**ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

**PLEASE TAKE NOTICE** that:

1.  On [_____], 2013, the United States Bankruptcy Court for the Southern District of
    New York (the "***Bankruptcy Court***") entered an order (the "***Disclosure Statement***
    ***Order***") that, among other things, (i) approved the Debtors' Disclosure Statement for the
    Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the
    "***Disclosure Statement***") filed in support of the Debtors' Joint Plan of Reorganization
    Under Chapter 11 of the Bankruptcy Code (the "***Plan***") as containing "adequate

---

[1] The Debtors are Atari, Inc., Atari Interactive, Inc., Humongous, Inc., and California U.S. Holdings, Inc.

information" as required under section 1125(a) of title 11 of the United Stated Code (the "**Bankruptcy Code**"), and (ii) authorized the Debtors to solicit votes to accept or reject the Plan.

2.  The Disclosure Statement Order establishes October 29, 2013 as the Voting Record Date[2] for determining which holders of Claims against or Interests in the Debtors are entitled to vote on the Plan, and establishes **5:00 p.m. (prevailing Eastern time) on November 25, 2013** as the Voting Deadline for the submission of ballots to accept or reject the Plan.

3.  If you hold a Claim in Classes 3, 4 or 5 as of the Voting Record Date and are entitled to vote to accept or reject the Plan, you have received electronic copies on CD-ROM of (i) the Disclosure Statement Order, the Disclosure Statement, the Plan and certain exhibits thereto, (ii) this notice, (iii) if applicable, a letter from the statutory committee of unsecured creditors (the "**Creditors' Committee**") regarding acceptance of the Plan and (iv) a Ballot, together with a pre-addressed envelope, to be used by you in voting to accept or to reject the Plan.   Failure to follow the instructions set forth on the Ballot, may disqualify that Ballot and the vote represented thereby.

4.  If you received electronic copies of the Disclosure Statement and the Plan and would like to receive paper copies, please visit Debtors' bankruptcy website at www.bmcgroup.com/atari or contact the Solicitation Agent by calling the Debtors' bankruptcy hotline at (888) 909-0100.

5.  Holders of (i) Unimpaired Claims and (ii) Claims or Interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a Notice of Non-Voting Status rather than a Ballot.  If you have not received a Ballot but believe that you should be entitled to vote on the Plan, then you must serve on the Debtors, the Sponsor and the Creditors' Committee and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the fourteenth (14th) day after the later of (i) the date that the Debtors commence distribution of the Solicitation Packages and (ii) the date of service of an objection, if any, to such claim.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

6.  THE PLAN CONTAINS AN INJUNCTION THAT PREVENTS, AMONG OTHER THINGS, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD ANY CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT HAVE BEEN RELEASED OR ARE SUBJECT TO EXCULPATION UNDER THE PLAN (THE "**ENJOINED CAUSES OF ACTION**"), FROM AND AFTER THE EFFECTIVE

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Disclosure Statement, the Motion or the Disclosure Statement Order, as applicable.

DATE, FROM COMMENCING OR CONTINUING, IN ANY MANNER, ANY ENJOINED CAUSES OF ACTION AGAINST, AS APPLICABLE, ANY RELEASED PARTY OR EXCULPATED PARTY.

7. A hearing to confirm the Plan (the "*Confirmation Hearing*") will commence **December 5, 2013 at 10:00 a.m. (prevailing Eastern time)** before the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, Room 601, New York, New York 10004. The Confirmation Hearing may be continued from time to time without further notice other than an announcement of the adjournment in open court or a notice of adjournment filed with the Court and served on the Noticed Parties and the entities who have filed objections to the Plan, without further notice to other parties in interest. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during or as a result of the Confirmation Hearing, without further notice to interested parties.

8. The Bankruptcy Court has established **November 27, 2013, at 5:00 p.m. (prevailing Eastern time)** as the last date and time for filing and serving objections to the confirmation of the Plan (the "*Plan Objection Deadline*"). Any objection to the Plan must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, (iii) state the name and address of the objecting party and the amount and nature of the claim or interest of such entity, (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is <u>actually received</u> no later than the Plan Objection Deadline by: (a) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq. and Kristine G. Manoukian, Esq. and Robert S. Strauss Building, 1333 New Hampshire Ave., N.W., Washington, DC 20036-1564, Attn: Scott L. Alberino, Esq.; (b) counsel to the Sponsor, Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Ken Coleman, Esq. and Jonathan Cho, Esq.; (c) the U.S. Trustee, 201 Varick Street, New York, New York 10014, Attn: Richard C. Morrissey, Esq.; (d) counsel to Alden, Bracewell & Giuliani, 1251 Avenue of the Americas, 49th Floor, New York, New York 10020, Attn: Robert G. Burns, Esq. and Andrew J. Schoulder, Esq.; (e) counsel to the Creditors' Committee, Cooley, LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Jeffrey L. Cohen, Esq.; and (f) all parties having filed a notice of appearance in these cases.

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE CONFIRMATION HEARING.**

New York, New York                          Respectfully submitted,
Dated: _____, 2013


                                             AKIN GUMP STRAUSS HAUER & FELD LLP

                                             By: _____
                                                  Ira S. Dizengoff
                                                  Kristine G. Manoukian

3

One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
idizengoff@akingump.com
kmanoukian@akingump.com

Scott L. Alberino
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564
Telephone:  (202) 887-4000
Facsimile:   (202) 887-4288
salberino@akingump.com

*Attorneys for the Debtors and Debtors in
Possession*

–and–

ALLEN & OVERY LLP

By:  _____
     Ken Coleman
     Jonathan Cho
     1221 Avenue of the Americas
     New York, New York 10020
     Telephone:  (212) 610-6300
     Facsimile:  (212) 610-6399
     Ken.Coleman@AllenOvery.com
     Jonthan.Cho@AllenOvery.com

*Attorneys for the Sponsor*