AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Ira S. Dizengoff
Kristine G. Manoukian

Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288
Scott L. Alberino (Admitted Pro Hac Vice)

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ATARI, INC., *et al.*,[1] | ) | Case No. 13-10176 (JMP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING**
**THE DEBTORS' JOINT PLAN OF REORGANIZATION UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

Atari, Inc., Atari Interactive, Inc., Humongous, Inc. and California U.S. Holdings, Inc. as

debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11

cases having:

    a.    Filed on September 20, 2013, *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 379], a copy of which is annexed hereto as Exhibit A (the "Plan")[2] with the United States Bankruptcy Court for the Southern District of New York (the "Court");

---

[1] The Debtors are: Atari, Inc.; Atari Interactive, Inc.; Humongous, Inc.; and California U.S. Holdings, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

b.  Filed on September 20, 2013, *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 378];

c.  Filed on October 25, 2013, the *Amended Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 435] (as amended, the "Disclosure Statement");

d.  Distributed solicitation materials beginning on or about October 30, 2013, consistent with the Bankruptcy Code, the Bankruptcy Rules and the *Order Approving the Debtors' Disclosure Statement and Establishing Solicitation and Voting Procedures with Respect Thereto* (the "Disclosure Statement Order") [Docket No. 438], which Disclosure Statement Order also approved, among other things, solicitation procedures (the "Solicitation Procedures") and related notices, forms and ballots (collectively, the "Solicitation Package") as evidenced by the *Affidavit of Service of Varouj Bakhshian* [Docket No. 449] (the "BMC Affidavit");

e.  Published, on October 31, 2013, notice of the Confirmation Hearing (the "Confirmation Hearing Notice") in the national edition of *USA Today*, as evidenced by the Verification of Publication [Docket No. 481] (the "Publication Verification");

f.  Filed, on November 27, 2013, the Plan Supplement [Docket No. 487] (the "Plan Supplement");

g.  Filed, on November 27, 2013, the D*eclaration of Noticing and Balloting Agent Regarding Solicitation and Tabulation of Votes in Connection with the Debtors' Joint Plan of Reorganization* [Docket No. 486] (the "Voting Certification") detailing the results of the Plan voting process;

h.  Filed, on December 4, 2013, the *Declaration of Kristen J. Keller in Support of Confirmation of the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 490] (the "Keller Declaration"); and

i.  Filed, on December 4, 2013, the *Declaration of Guy Davis in Support of Confirmation of the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 491] (the "Davis Declaration").

The Court having:

a.  Entered, on October 29, 2013, the Disclosure Statement Order;

b.  Set December 5, 2013, at 10:00 a.m., prevailing Eastern Time, as the date and time for the commencement of the Confirmation Hearing pursuant to Bankruptcy Rules 3017 and 3018 and Bankruptcy Code sections 1126, 1128 and 1129;

c.  Reviewed the Plan, the Disclosure Statement and all pleadings, exhibits, statements, and comments regarding the confirmation of the Plan (the "Confirmation");

    d.   Heard the statements and arguments made by counsel in respect of Confirmation;

    e.   Considered all oral representations, testimony, documents, filings and other evidence regarding Confirmation; and

    f.   Taken judicial notice of all papers and pleadings filed in the Cases;

NOW, THEREFORE, after due deliberation and based upon the record set forth above and at the Confirmation Hearing, it appearing to the Court that notice of the Confirmation Hearing and the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby and that any party in interest so affected has had the opportunity to object to Confirmation; and, after due deliberation and based upon the record described above, it appearing to the Court that the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; the Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Order:[3]

## FINDING OF FACTS AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

### A.    Jurisdiction and Venue

1.    On the Petition Date, the Debtors commenced the Cases in this Court. Venue in this Court was proper as of the Petition Date with respect to the Debtors pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

---

[3] The findings of fact and the conclusions of law set forth herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

§ 1334.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**B.     Eligibility for Relief**

2.      The Debtors were and are entities eligible for relief under Bankruptcy Code section 109.

**C.     Commencement and Joint Administration of the Cases**

3.      On the Petition Date, the Debtors commenced the Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.  By prior order of the Court, the Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015 [Docket No. 27].  The Debtors have operated their businesses and managed their properties as debtors in possession since the Petition Date pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in the Cases.  On February 6, 2013, the United States Trustee for the Southern District of New York appointed the Creditors' Committee.

**D.     Judicial Notice**

4.      The Court takes judicial notice of the docket of the Cases maintained by the Clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed and orders entered thereon.  The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of the Cases.

**E.     Plan Supplement**

5.      The Plan Supplement consists of the following:  (a) the Global Secured Promissory Note; (b) the Postconfirmation Organizational Documents; (b) the identity of the members of each of the Reorganized Debtors' board of directors (the "<u>Directors</u>") and the nature

and compensation for any director who is an "insider" under the Bankruptcy Code; (c) the identity of the officers of each of the Reorganized Debtors (the "Officers") and the compensation for any officer who is an "insider" under the Bankruptcy Code; (d) the schedule of assumed Executory Contracts and unexpired leases and proposed cure amounts thereto; and (e) the disclosure of the Committee Designee and the engagement letter memorializing the terms of the Committee Designee's engagement.

6.      All materials included in the Plan Supplement are integral to, part of and incorporated by reference into, the Plan.  The documents contained in the Plan Supplement comply with the terms of the Plan, and the filing and notice of such documents was good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

**F.      Disclosure Statement Order**

7.      The Disclosure Statement Order, which, among other things:  (a) approved the Disclosure Statement in the form attached to the Disclosure Statement Order as containing adequate information within the meaning of Bankruptcy Code section 1125 and Bankruptcy Rule 3017; (b) fixed October 29, 2013, as the Voting Record Date; (c) fixed November 25, 2013, at 5:00 p.m., prevailing Eastern Time, as the deadline for voting to accept or reject the Plan (the "Voting Deadline"); (d) fixed November 27, 2013, at 5:00 p.m., prevailing Eastern Time, as the deadline for objecting to the Plan; (e) fixed December 5, 2013, at 10:00 a.m., prevailing Eastern Time, as the date and time for the commencement of the Confirmation Hearing; (f) approved the Solicitation Procedures and the form of the Solicitation Packages; and (g) approved the form and method of notice of the Confirmation Hearing Notice.

**G.      Notice, Transmittal and Mailing of Materials**

8.      As evidenced by the BMC Affidavit, due, adequate and sufficient notice of the Disclosure Statement, the Plan, the Plan Supplement and the Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan and with respect to Confirmation, has been given to:  (a) all known holders of Claims and Interests; (b) all parties that requested notice in accordance with Bankruptcy Rule 2002; and (c) all counterparties to Executory Contracts and unexpired leases with the Debtors, in substantial compliance with the Disclosure Statement Order and Bankruptcy Rules 2002(b), 3017 and 3020(b), and no other or further notice is or shall be required.  Adequate and sufficient notice of the Confirmation Hearing, and any applicable dates, deadlines and hearings described in the Disclosure Statement Order was given in compliance with the Bankruptcy Rules, the Disclosure Statement Order, as evidenced by the BMC Affidavit and the Publication Verification, and no other or further notice is or shall be required.

9.      The Debtors published the Confirmation Hearing Notice once in the *USA Today (National Edition)* in substantial compliance with the Disclosure Statement Order and Bankruptcy Rule 2002(l), as evidenced by the Publication Verification, and no other or further notice is or shall be required.

**H.      Solicitation**

10.      Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws and regulations.

11.      Specifically, the Solicitation Packages approved by the Disclosure Statement Order (including the Disclosure Statement, the Plan, the form of ballots and related notices approved thereby) were transmitted to and served on all holders of Claims or Interest in

Classes that were entitled to vote to accept or reject the Plan, and relevant portions of the Solicitation Package and other notices approved by the Disclosure Statement Order were transmitted and served on other parties in interest in the Cases, all in compliance with Bankruptcy Code section 1125, the Disclosure Statement Order, the Solicitation Procedures and the Bankruptcy Rules.  Transmittal and service were adequate and sufficient, and no further notice is or shall be required.

### I.    Voting Certification

12.    The Debtors filed the Voting Certification before the commencement of the Confirmation Hearing, consistent with the Disclosure Statement Order.  All procedures used to tabulate ballots received in connection with Confirmation were fair and conducted in accordance with the Disclosure Statement Order, as evidenced by the Voting Certification.

13.    As set forth in the Plan and Disclosure Statement, holders of Claims in Classes 3, 4 and 5 (the "Voting Classes") were eligible to vote on the Plan pursuant to the Solicitation Procedures.  In addition, holders of Claims in Classes 1, 2 and 6 (together, the "Deemed Accepting Classes") are deemed to accept the Plan, and therefore, are not entitled to vote to accept or reject the Plan.  Each of the Voting Classes voted to accept the Plan (the "Impaired Accepting Classes") as evidenced by the Voting Certification.

### J.    Bankruptcy Rule 3016(a)

14.    The Plan reflects the date it was filed with the Court and identifies the entities submitting it as Proponents, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the clerk of the Court satisfied Bankruptcy Rule 3016(b).

### K.    Burden of Proof

15.    The Debtors and the Sponsor, as Proponents, have the burden of proving the elements of Bankruptcy Code section 1129 by a preponderance of the evidence, and they have met that burden as found and determined herein.

**L.    Compliance with the Requirements of Bankruptcy Code Section 1129**

16.    The Plan complies with all applicable provisions of Bankruptcy Code section 1129 as set forth below.

**i.    *Compliance of the Plan with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))***

17.    The Plan complies with the applicable provision of the Bankruptcy Code, as required by Bankruptcy Code section 1129(a)(1), including, without limitation, Bankruptcy Code sections 1122 and 1123.

a.    Sections 1122 and 1123(a)(1)—Proper Classification

18.    The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code.  Pursuant to Bankruptcy Code sections 1122(a) and 1123(a)(1), article III of the Plan provides for the separate classification of Claims and Interest into six (6) Classes based on difference in the legal nature or priority of such Claims and Interests (other than the DIP Loan Claims, Administrative Claims, Professional Fee Claims, Priority Tax Claims and statutory fees owed to the U.S. Trustee (the "Statutory Fees"), which are addressed in section 3.1 of the Plan and which are not required to be designated as separate Classes pursuant to Bankruptcy Code section 1123(a)(1)).  Valid business, factual and legal reasons exist for the separate classification of the various Classes of Claims and Interests created under the Plan, and the classifications were not created for any improper purpose.  In addition, the creation of such Classes does not unfairly discriminate between or among holders of Claims or Interests.  As required by Bankruptcy Code section 1122(a), each Class of Claims and Interests contains only

Claims or Interests that are substantially similar to the other Claims or Interests within that Class. Accordingly, the requirements of Bankruptcy Code sections 1122(a) and 1123(a)(1) have been satisfied.

        b.      <u>Section 1123(a)(2)—Specification of Unimpaired Classes</u>

        19.      Article III of the Plan properly specifies that Claims in Classes 1, 2 and 6 are Unimpaired under the Plan. Additionally, section 3.1 of the Plan specifies the DIP Loan Claims, Administrative Claims, Professional Fee Claims, Priority Tax Claims and Statutory Fees are Unimpaired, although these Claims are not classified under the Plan. Accordingly, the Plan satisfies Bankruptcy Code section 1123(a)(2).

        c.      <u>Section 1123(a)(3)—Specification of Treatment of Impaired Classes</u>

        20.      Article IV of the Plan properly specifies the treatment of each Class of Claims or Interests that is Impaired under the Plan, including Classes 3, 4 and 5. Accordingly, the requirements of Bankruptcy Code section 1123(a)(3) have been satisfied.

        d.      <u>Section 1123(a)(4)—No Discrimination</u>

        21.      Pursuant to Bankruptcy Code section 1123(a)(4), article IV of the Plan provides for the same treatment for each Claim or Interest in a particular Class, as the case may be, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim. Accordingly, the requirements of Bankruptcy Code section 1123(a)(4) have been satisfied.

        e.      <u>Section 1123(a)(5)—Adequate Means for Plan Implementation</u>

        22.      Pursuant to Bankruptcy Code section 1123(a)(5), article VII of the Plan and various other provisions of the Plan specifically provide in detail adequate and proper means for the Plan's implementation, including, without limitation the: (a) general settlement of Claims

and Interests; (b) sources of consideration for Plan distributions; (c) Debtors' continued corporate existence; (d) authorization of the Postconfirmation Reorganization Documents; (e) selection of the initial Reorganized Debtors' Directors; (f) selection of the initial Officers of the Reorganized Debtors; (g) vesting of retained Assets in the Reorganized Debtors; (h) proposed restructuring transactions under the Plan; (i) authorization for post-Confirmation corporate action by the Reorganized Debtors; (j) treatment of Intercompany Claims under the Plan; (k) authorization to enter into the D&O Insurance Policy; (l) preservation of certain specified rights and Causes of Action; and (m) Reorganized Debtors' entry into the Global Secured Promissory Note to secure the Reorganized Debtors' obligations to make the Second GUC Distribution and the Third GUC Distribution.  Moreover, upon the Effective Date, the Reorganized Debtors will have sufficient Cash from their own operations and from the Sponsor Contributions to make all payments required to be made on the Effective Date pursuant to the terms of the Plan.  Accordingly, the requirements of the Bankruptcy Code section 1123(a)(5) have been satisfied.

    f.  <u>Section 1123(a)(6)—Voting Power of Equity Securities</u>

    23.  The Reorganized Debtors' amended certificates of incorporation, filed as part of the Plan Supplement, prohibit the issuance of non-voting equity securities in violation of Bankruptcy Code section 1123(a)(6), thereby satisfying Bankruptcy Code section 1123(a)(6).

    g.  <u>Section 1123(a)(7)—Selection of Officers and Directors</u>

    24.  The identities and affiliations of the initial Directors and Officers of each of the Reorganized Debtors as of the Effective Date are listed in <u>Exhibit D</u> to the Plan Supplement.  The Postconfirmation Organization Documents describe the manner of the selection of additional Directors following the Effective Date.  The selection of the initial

Directors and Officers of each Reorganized Debtor was, is and will be consistent with the interests of holders of Claims and Interests and public policy. Accordingly, the requirements of Bankruptcy Code section 1123(a)(7) have been satisfied.

    h.  <u>Section 1123(b)—Discretionary Contents of the Plan</u>

    25.  The Plan contains various provisions that may be construed as discretionary, but are not required for Confirmation under the Bankruptcy Code. As set forth below, such discretionary provisions comply with Bankruptcy Code section 1123(b) and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, Bankruptcy Code section 1123(b) is satisfied.

    1. <u>Section 1123(b)(1)-(2)—Claims and Executory Contracts</u>

    26.  Pursuant to Bankruptcy Code sections 1123(b)(1) and 1123(b)(2), article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests, and article X of the Plan provides for the assumption or rejection of the Debtors' Executory Contracts and unexpired leases not previously assumed, assumed and assigned or rejected pursuant to Bankruptcy Code section 365 and appropriate authorizing orders of the Court; *provided*, *however*, that subject to the limitations set forth in the Plan, the Debtors shall be authorized to alter, amend, modify or supplement the list of Executory Contracts and unexpired leases identified in the Plan Supplement prior to the Effective Date.

    2. <u>Section 1123(b)(3)—Settlement, Releases, Exculpation, Injunction and Preservation of Claims and Causes of Action</u>

    **a. Settlements Under the Plan**

    27.  The Plan embodies a negotiated compromise (the "<u>Plan Settlement</u>") between the Creditors' Committee, Alden, the Sponsor and the Debtors of the various issues raised in the Cases, including the substantive consolidation of the Debtors and the

recharacterization of certain intercompany claims, which ensures a fair recovery for all creditors and parties in interest and allows for accelerated distributions to holders of Allowed Claims. This compromise is in consideration for the distributions and other benefits provided under the Plan to the compromising parties. Any other compromise and settlement provisions of the Plan and the Plan itself constitute a compromise of all Claims, Interests or Causes of Action relating to the contractual, legal and subordination rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Interest or any distribution to be made on account of such an Allowed Claim or Interest.

28.    The settlements contained in the Plan, including the Plan Settlement, are the product of extensive arm's-length negotiations. Therefore, the settlements, including the Plan Settlement, are fair and equitable and in the best interest of the Estates and are approved pursuant to Bankruptcy Rule 9019, to the extent that the Court has not already approved such settlements.

### b. Debtors' Releases, Third-Party Releases, Exculpation, Plan Injunction and Retained Causes of Action

29.    <u>Releases by the Debtors</u>. The releases and discharges of Claims and Causes of Action given by the Debtors described in section 12.7 of the Plan (the "<u>Debtor Releases</u>") are a necessary and important aspect of the Plan. The Debtor Releases are based on sound business judgment and are reasonable and acceptable pursuant to the standards that courts in this district generally apply.

30.    <u>Mutual Releases of Released Parties</u>. The mutual releases and discharges of the Released Parties contained in section 12.9 of the Plan (the "<u>Mutual Releases</u>") are a necessary and important aspect of the Plan, and are reasonable and acceptable under the applicable standards employed by the courts in this district.

31.   <u>Exculpation</u>.  The Exculpation provision described in section 12.6 of the Plan is appropriate under applicable law because it is part of a Plan proposed in good faith, was vital to the Plan formulation process and is appropriately limited in scope.  The Exculpation provision, including its carve-out for gross negligence and willful misconduct, is entirely consistent with established practice in this jurisdiction and others.

32.   <u>Injunction</u>.  The injunction provision set forth in section 12.10 of the Plan (the "<u>Plan Injunction</u>") is essential to the Plan and is necessary to preserve and enforce the Debtor Releases and the Plan, and is narrowly tailored to achieve that purpose.

33.   <u>Third-Party Releases by Holders of Claims and Interests</u>.  The releases of Claims and Causes of Action by holders of Claims and Interests described in section 12.8 of the Plan (the "<u>Third-Party Releases</u>") are an important and critical aspect of the Plan and the Debtors' successful reorganization.  They are designed to provide finality for the Released Parties regarding the Parties' respective obligations under the Plan.  The Released Parties consist of the DIP Lender, Alden, the Creditors' Committee and its members, the Sponsor and certain other Parties, including, the current and former employees, directors, officers, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals of the Debtors, which parties have either made significant contributions to the Cases and the Plan or would be entitled to assert indemnification or contribution claims against the Debtors.  Specifically, with respect to the Third-Party Releases of the Sponsor, Alden, the Creditors' Committee and their respective representatives, these parties have played an integral role in the negotiation of the compromises embedded in, and in the development and formulation of, the Plan and have expended significant time and resources analyzing and negotiating the issues presented by the Cases, the Debtors' prepetition capital structure, the Debtors' prepetition

obligations and related issues.  As contemplated by *Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136 (2d Cir. 2005), these parties have provided substantial consideration to the Cases by compromising aspects of their asserted Claims or other legal and/or equitable rights to reach the consensual resolution of the various issues embodied in the Plan that allowed for the maximization and preservation of value for all of the Debtors' creditors and, without which, the Plan would not be possible.  Specifically, absent the foregoing compromises, the potential resulting litigation would substantially have reduced the value available for distribution to General Unsecured Creditors due to an increase in administrative costs attendant to such litigation and the likely substantial delay in concluding these Cases.

34.    In addition, absent receiving a release pursuant to the Third-Party Releases, the relevant Released Parties would have potential Claims for indemnification and contribution against the Debtors for any liabilities incurred in connection with their services to the Debtors, as well as any expenses incurred to defend such liabilities, which would adversely impact the Estates, including the recovery to the Debtors' unsecured creditors.  Further, several of these parties were integral to achieving the compromises embedded in the Plan and thus also, provided substantial consideration to the Cases in their capacity as such.  The Third-Party Releases are therefore appropriate, important to the success of the Plan and consistent with controlling Second Circuit precedent.

35.    Thus, each of the releases, including the Third-Party Release, Mutual Release, Exculpation and Plan Injunction provisions set forth in the Plan:  (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (b) is an essential means of implementing the Plan pursuant to Bankruptcy Code section 1123(a)(6); (c) is an

integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtors, the Estates and all the stakeholders in the Cases; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Cases with respect to the Debtors; and (f) is consistent with Bankruptcy Code sections 105, 1123 and 1129, other applicable provisions of the Bankruptcy Code, and other applicable law, including controlling Second Circuit case law. Moreover, the record of the Confirmation Hearing and the Cases is sufficient to support the Exculpation, Third-Party Releases, Debtor Releases, Mutual Releases and Plan Injunction provisions contained in article XII of the Plan.

36.    <u>Preservation of Claims and Causes of Action</u>. Section 12.5 of the Plan appropriately provides for the preservation by the Debtors, the Reorganized Debtors or the Sponsor, as applicable, of the Causes of Action in accordance with Bankruptcy Code section 1123(b)(3)(B). This provision is appropriate and in the best interests of the Debtors, the Estates and all holders of Claims and Interests.

1.    <u>Section 1123(d)—Cure of Defaults</u>

37.    Section 10.2 of the Plan provides for the satisfaction of any monetary defaults under each Executory Contract and unexpired lease to be assumed pursuant to the Plan in accordance with Bankruptcy Code section 365(b) by payment for any "cure amount" pursuant to the terms thereof. The Debtors, in accordance with the Plan, have filed the schedule of Executory Contracts and unexpired leases to be assumed as <u>Exhibit E</u> to the Plan Supplement, and distributed a notice of proposed assumption and proposed cure amounts to the applicable counterparties, which notice included procedures for objecting to and resolving proposed assumptions of Executory Contracts and unexpired leases and any cure amounts proposed to be

paid in connection therewith. Accordingly, the requirements of Bankruptcy Code section 1123(d) are satisfied.

### ii. *Compliance of the Debtors and Others with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))*

38.    The Debtors and the Sponsor, as Proponents, have complied with the applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(2), including Bankruptcy Code sections 1122, 1123, 1124, 1125, 1126 and 1128 and Bankruptcy Rules 3017, 3018 and 3019.

39.    Votes to accept or reject the Plan were solicited by the Proponents and their respective present and former members, partners, representatives, officers, directors, employees, advisors, attorneys and agents after the Court approved the adequacy of the Disclosure Statement pursuant to Bankruptcy Code section 1125(a).

40.    The Proponents and their respective present and former members, partners, representatives, officers, directors, employees, advisors, attorneys and agents have solicited and tabulated votes on the Plan and have participated in the activities described in Bankruptcy Code section 1125 fairly, in good faith within the meaning of Bankruptcy Code section 1125(e) and in a manner consistent with the applicable provisions of the Disclosure Statement Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules and all other applicable rules, laws and regulations, and are therefore entitled to the protections afforded by Bankruptcy Code section 1125(e) and the Debtor Releases, Mutual Releases, Exculpation, Third-Party Releases and Plan Injunction provisions set forth in article XII of the Plan.

41.    The Proponents and their respective present and former members, partners, officers, directors, employees, advisors, attorneys and agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the

offering, issuance and distribution of recoveries under the Plan and therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan, so long as such distributions are made consistent with, and pursuant to, the Plan.  Accordingly, the requirements of Bankruptcy Code section 1129(a)(2) are satisfied.

### iii.    *Proposal of Plan in Good Faith (11 U.S.C. § 1129(a)(3))*

42.    The Proponents have proposed the Plan in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Cases, the Plan itself and the process leading to its formulation.  The good faith of each of the entities who negotiated the Plan is evident from the facts and records of the Cases, the Disclosure Statement and the hearing thereon and the record of the Confirmation Hearing and other proceedings held in the Cases.

43.    The Plan is the product of arm's-length negotiations between and among the Debtors and each of their key stakeholders.  The Plan itself, and the process leading to its formulation, provide independent evidence of the good faith of the parties who negotiated the Plan, serve the public interest and assure fair treatment of holders of Claims and Interests.  The Debtors and their key stakeholders negotiated the Plan (following extensive discussions regarding the terms thereof and settlements embodied therein) for the legitimate and honest purpose of maximizing the value of the Debtors' Estates for the benefit of all creditors. Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Cases were

filed by the Debtors, and the Plan was proposed, with the legitimate purpose of maximizing the value of the Debtors' Estates to satisfy the Debtors' obligations to creditors.

### iv.    *Court Approval of Certain Payments as Reasonable (11 U.S.C. § 1129(a)(4))*

44.    The procedures set forth in the Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with the Cases, or in connection with the Plan and incident to the Cases, satisfy the objectives of, and are in compliance with, Bankruptcy Code section 1129(a)(4).    Accordingly, the requirements of Bankruptcy Code section 1129(a)(4) are satisfied.

### v.    *Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy (11 U.S.C. § 1129(a)(5))*

45.    The identities and affiliations of the directors and officers of each of the Reorganized Debtors, and the identities and the nature of compensation of insiders that will be employed or retained by the Reorganized Debtors, have been disclosed in the Plan Supplement. The appointment to, or continuance in, such offices by the proposed directors and officers is consistent with the interests of holders of Claims and Interests and with public policy.

### vi.    *No Rate Changes (11 U.S.C. § 1129(a)(6))*

46.    The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and does not require approval of any governmental regulator.  The Plan, therefore, satisfies Bankruptcy Code section 1129(a)(6).

### vii.    **Best Interests of Creditors (11 U.S.C. § 1129(a)(7))**

47.    The liquidation analysis annexed as <u>Exhibit C</u> to the Disclosure Statement and supported by the Davis Declaration and the Keller Declaration (i) is reasonable, persuasive and credible, (ii) is based upon sound methodology and assumptions, (iii) has not be controverted

by other evidence, (iv) provides a reasonable estimate of the liquidation values of the Debtors in the event the Cases are liquidated under chapter 7 of the Bankruptcy Code and (v) establishes that each holder of an Impaired Claim either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 on such date.

> **viii.    *Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Each Impaired Class (11 U.S.C. § 1129(a)(8))***

48.    Classes 1, 2 and 6 are each of the Classes of Unimpaired Claims or Interests that are conclusively presumed to have accepted the Plan under Bankruptcy Code section 1126(f).  Classes 3, 4 and 5 are Classes of Impaired Claims and have each voted to accept the Plan.  The Plan, therefore, meets the requirements of Bankruptcy Code section 1129(a)(8).

> **ix.    *Treatment of Administrative Claims, Priority Tax Claims and Priority Non-Tax Claims (11 U.S.C. § 1129(a)(9))***

49.    Except to the extent that the holder of a particular Claim has agreed to different treatment, the Plan provides treatment for Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims that is consistent with the requirements of Bankruptcy Code section 1129(a)(9).

> **x.    *Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))***

50.    As evidenced by the Voting Certification, the Plan has been accepted by all Impaired Classes of Claims, without including any acceptance of the Plan by an insider. Accordingly, the Plan satisfies Bankruptcy Code section 1129(a)(10).

> **xi.    *Feasibility of the Plan (11 U.S.C. § 1129(a)(11))***

51.     The evidence supporting the Plan proffered or adduced by the Debtors at, or prior to, or in declarations filed in connection with, the Confirmation Hearing:   (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; (d) establishes that the Plan is feasible and Confirmation of the Plan is not likely to be followed by the need for further financial reorganization; and (e) establishes that the Reorganized Debtors will have sufficient funds available to meet their obligations under the Plan.   Accordingly, the requirements of Bankruptcy Code section 1129(a)(11) have been satisfied.

### xii.     *Payment of Bankruptcy Fees (11 U.S.C. § 1129 (a)(12))*

52.     The Plan provides that all fees payable pursuant to section 1930 of title 28 of the United States Code, due and payable through the Effective Date shall be paid by the Debtors on or before the Effective Date, and the amounts due thereafter shall be paid by the Reorganized Debtors in the ordinary course until the entry of a final decree closing the Cases.

### xiii.     *Retiree Benefits (11 U.S.C. § 1129(a)(13))*

53.     Bankruptcy Code section 1129(a)(13) requires a plan to provide for the continuation of "retiree benefits" at levels established pursuant to Bankruptcy Code section 1114.  Because the Debtors have no retiree benefits obligations, this section of the Bankruptcy Code is inapplicable.

### xiv.     *Domestic Support Obligations; Unsecured Claims Against Individual Debtors; Transfers by Nonprofit Organizations (11 U.S.C. §§ 1129(a)(14), (15) & (16))*

20

54.    None of the Debtors have domestic support obligations, are individuals or are nonprofit organizations.  Therefore, Bankruptcy Code sections 1129(a)(14), (15) and (16) do not apply to the Cases.

### xv.    *Only One Plan (11 U.S.C. § 1129 (c))*

55.    The Plan is the only plan that has been filed in the Cases.  Accordingly, Bankruptcy Code section 1129(c) is satisfied.

### xvi.    *The Principal Purpose of the Plan is Not Avoidance of Taxes (11 U.S.C. § 1129(d))*

56.    No governmental unit has requested that the Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.  As evidenced by its terms, the principal purpose of the Plan is not such avoidance.  Accordingly, the requirements of Bankruptcy Code section 1129(d) have been satisfied.

### M.    Satisfaction of Plan Confirmation Requirements

57.    Based on the foregoing, the Plan satisfies the requirements of confirmation set forth in Bankruptcy Code section 1129.

### N.    Disclosure: Agreements and Other Documents

58.    The Debtors have disclosed all material facts regarding the Plan and the documents included in the Plan Supplement, including:  (a) the forms of the Postconfirmation Organizational Documents; (b) the Global Secured Promissory Note; (c) to the extent known, the identity of the new Directors and Officers and the nature and compensation for any Director or Officer who is an "insider" under the Bankruptcy Code; (d) the assumed Executory Contract and unexpired lease schedule; and (g) the selection of the Committee Designee.

### O.    Plan Consolidation

59.     A preponderance of the evidence presented to the Court demonstrates that no Creditor will be harmed by the proposed limited substantive consolidation of the Debtors' Estates solely with respect to the holders of Allowed General Unsecured Claims for Plan purposes.  Furthermore, no Creditor or Interest holder has objected to or opposed the limited consolidation under the Plan.

**P.     Conditions to Confirmation**

60.     Article XI of the Plan sets forth the following conditions precedent to Confirmation:  (i) the Plan and Disclosure Statement shall be in form and substance mutually acceptable to the Debtors, the Sponsor and the Guarantor; (ii) the Court shall have entered the Disclosure Statement Order, in form and substance reasonably satisfactory to the Proponents, on or before October 30, 2013; (iii) the occurrence of the deadline to vote on the Plan on or before November 25, 2013; (iv) the occurrence of the Confirmation Objection Deadline on or before November 27, 2013; and (v) the Sponsor Commitment Letter shall be in full force and effect. Each of these conditions has been satisfied.

**Q.     Likelihood of Satisfaction of Conditions Precedent to the Effective Date**

61.     Each of the conditions precedent to the Effective Date, as set forth in article XI of the Plan, are reasonably likely to be satisfied or, as set forth in and subject to the terms of the Plan, may be waived, in writing, by the Proponents.

**R.     Implementation**

62.     All documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith, at arm's-length, and are in the best interests of the Debtors and the Reorganized Debtors and shall, upon completion of such

documentation and execution, be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

**S.    Corporate Action**

63.    Upon the Effective Date, all corporate actions contemplated by the Plan shall be deemed authorized and approved in all respects.

**T.    Assumption or Rejection of Executory Contracts and Unexpired Leases**

64.    The Debtors have exercised their reasonable business judgment prior to the Confirmation Hearing in determining whether to assume or reject each of their Executory Contracts and unexpired leases as set forth in article X of the Plan, the Plan Supplement, the Confirmation Order or otherwise.  Notwithstanding any provision of this Confirmation Order or the Plan to the contrary, the Debtors may amend, modify or supplement the schedule of the Executory Contractors or unexpired leases identified as Exhibit E to the Plan Supplement prior to the Effective Date.  Each assumption or rejection of an Executory Contract or unexpired lease pursuant to this Confirmation Order and in accordance with article X of the Plan or otherwise shall be legal, valid and binding upon the applicable Debtor or Reorganized Debtor and all non-Debtor entities party to such Executory Contract or unexpired lease (subject to the rights of the non-debtor entities party to such agreements to object to such assumption or rejection and the rights of the applicable Reorganized Debtor in response to any such objection).

65.    The filing of the Plan, Disclosure Statement, Plan Supplement and the Confirmation Hearing Notice and the entry of this Confirmation Order provided adequate notice of the assumption, assumption and assignment or rejection, as the case may be, of the Executory Contracts and unexpired leases pursuant to article X of the Plan.

66.    The Debtors have provided adequate assurance of future performance for each of the Executory Contracts and unexpired leases that is being assumed by the Debtors

pursuant to the Plan. Further, the Debtors have cured or provided adequate assurance that the
Reorganized Debtors will cure defaults (if any) under, or relating to, each of the Executory
Contracts and unexpired leases that are being assumed by the Debtors pursuant to the Plan. The
Plan and such assumptions, therefore, satisfy the requirements of Bankruptcy Code section 365.

**U.      Retention of Jurisdiction**

67.     The Court properly may retain jurisdiction over the matters set forth in
article XIII, other applicable provisions of the Plan, and all other documents included in the Plan
Supplement.

**ORDER**

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF
LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

68.     This Confirmation Order shall confirm the Plan, a copy of which is
attached hereto as <u>Exhibit A</u>.

**A.      Confirmation**

69.     The Plan, including all provisions thereof, all exhibits attached thereto and
the Plan Supplement (as such may be amended by this Confirmation Order or in accordance with
the Plan), are approved and confirmed under Bankruptcy Code section 1129. The terms of the
Plan (as modified), the Plan Supplement and exhibits thereto are incorporated by reference into
and are an integral part of this Confirmation Order. All acceptances and rejections previously
cast for or against the Plan are hereby deemed to constitute acceptances or rejections of the Plan
in the form attached to this Confirmation Order. The documents contained in the Plan
Supplement and any amendments, modifications and supplements thereto and all documents and
agreements related thereto (including all exhibits and attachments thereto and documents
referred to in such papers) and the execution, delivery and performance thereof by the Debtors

and the Reorganized Debtors, are authorized and approved as finalized, executed and delivered. Without further order or authorizations of the Court, the Debtors, the Reorganized Debtors and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are consistent with the Plan.

70.    The terms of the Plan shall be effective and binding from and after the Confirmation Date, but subject to the Effective Date.

71.    All of the conditions precedent to confirmation of the Plan set forth in article XI of the Plan have been satisfied.

72.    The Effective Date shall occur on the first Business Day on which all conditions set forth in section 11.2 of the Plan have been satisfied or, if applicable, have been waived in accordance with section 11.3 of the Plan.

73.    All parties have had a full and fair opportunity to litigate all issues raised, or that might have been raised, to the Plan, including, without limitation, any objections that could have been raised to any documents contained in the Plan Supplement or related thereto. Any objections or responses to confirmation of the Plan and the reservation of rights contained therein that (a) have not been withdrawn, waived or settled prior to the entry of this Confirmation Order or (b) are not cured by the relief granted herein, are hereby OVERRULED on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

**B.    Effect of Confirmation**

74.    All sections of article XII of the Plan regarding the effect of confirmation of the Plan are incorporated in this Confirmation Order as though fully set forth herein and are approved and so ordered in all respects.

**C.    Plan Classification is Controlling**

75.    The terms of the Plan shall govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth on the ballots tendered to or returned by the holders of Claims or Interests in connection with voting on the Plan pursuant to the Disclosure Statement Order: (a) were set forth on the ballots for purposes of voting to accept or reject the Plan; (b) in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtors, Reorganized Debtors or the Committee Designee, as applicable, except for voting purposes.

### D.    Approval of Settlements

76.    The settlements embodied in the Plan, including the negotiated compromise reached among the Debtors, the Creditors' Committee, Alden and the Sponsor regarding the resolution of the numerous issues in the Cases, are expressly approved in all respects pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 1123.

### E.    Approval of Injunctions

77.    The injunctions set forth in article XII of the Plan are essential to the Plan, necessary to preserve and enforce the Plan and narrowly tailored to achieve that purpose, and are therefore approved.  By accepting distributions pursuant to the Plan, each holder of a Claim shall be deemed to have specifically consented to the injunctions set forth in section 12.10 of the Plan.

### F.    Approval of Releases

78.    The releases set forth in sections 12.7 through 12.9 of the Plan, including, without limitation, the releases by holders of Claims and Interests, represent a valid exercise of the Debtors' business judgment, and no party has objected to same.  The releases in sections 12.7 through 12.9 of the Plan therefore are approved and so ordered, and shall be immediately effective on the Effective Date without further order or action by the Court, any of the parties to such releases or any other party.

G.    **Approval of Exculpation**

79.    The exculpation provisions as set forth in section 12.6 of the Plan are essential to the Plan.  The record in the Cases fully supports the exculpation, and the exculpation provisions, as modified herein, are appropriately tailored to protect the exculpated Parties from inappropriate litigation related to acts or omissions up to and including the Effective Date and are hereby approved; *provided* that nothing in the Plan shall (a) exculpate any Person from any liability resulting from any acts that constitute fraud, gross negligence or willful misconduct as determined by a final order of the Court or (b) limit the liability of the Professionals of the Exculpated Parties to their respective clients pursuant to N.Y. Comp. Codes R. & Regs. title 22 § 1200.0 Rule 1.8(h)(1)(2011).

H.    **Vesting of Assets and Operations as of the Effective Date**

80.    As of the Effective Date, each of the Debtors, their respective properties and interests in property shall be released from the custody and jurisdiction of the Court, and the property of the Debtors shall vest in the relevant Reorganized Debtors, free and clear of any Claims, Liens, encumbrances, charges and other interests, except as provided in the Plan. Additionally, as of the Effective Date, each Reorganized Debtor may, consistent with and in accordance with the Plan, operate its businesses and may use, acquire and dispose of its property, and settle and compromise Claims and Interests without supervision or approval by the Court,

and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects

as if there were no pending cases under any chapter or provision of the Bankruptcy Code.

### I.    Order Binding on All Parties

81.    Subject to the provisions of section 12.2 of the Plan and Bankruptcy Rule

3020(e), to the extent applicable, in accordance with Bankruptcy Code section 1141(a) and

notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the

terms of the Plan and this Order shall be binding upon, and inure to the benefit of the Debtors, all

holders of Claims and Interests and their respective successors and assigns.

### J.    Limited Substantive Consolidation of the Debtors for Purposes of Voting, Confirmation and Distribution

82.    The consolidation of the Debtors solely with respect to holders of Allowed

General Unsecured Claims, for the limited purposes of voting, confirmation and making

distributions under the Plan, as set forth in article II of the Plan, is hereby approved.  Except as

set forth in article II of the Plan, such substantive consolidation shall not affect (a) the legal or

organizational structure of each of the Debtors, (b) pre- or post-Effective Date guarantees, liens

and security interests that are required to be maintained pursuant to the Plan, (c) any obligations

under any leases or Executory Contracts assumed or entered into pursuant to the Plan or

otherwise after the Petition Date, (d) Interests between and among the Debtors, or (e) the vesting

of assets in the separate Reorganized Debtors upon the Effective Date.

### K.    Vesting of Assets and Release of Liens

83.    On the Effective Date, pursuant to Bankruptcy Code sections 1141(b) and

(c), each of the Debtors, their respective properties and interests in property shall be released

from the custody and jurisdiction of the Court, and the property of each Debtor shall vest in the

relevant Reorganized Debtor, free and clear of all Claims, Liens, encumbrances, charges and

other interests, except as provided in the Plan.  As of the Effective Date, each Reorganized

Debtor may operate its business, use, acquire and dispose of its property free of any restrictions

of the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, subject to the

terms and conditions of the Plan and this Confirmation Order.

### L.    Preservation and Prosecution of Claims and Causes of Action

84.    Sections 12.1 and 12.5 of the Plan appropriately provide for the

preservation and retention by the Debtors, the Reorganized Debtors or the Sponsor, as

applicable, of all Claims and Causes of Action in accordance with Bankruptcy Code section

1123(b).  The Debtors, the Reorganized Debtors or the Sponsor, as applicable, shall retain and

may enforce all rights to commence and pursue, as appropriate, any and all retained Causes of

Action.  The provisions regarding the retained Causes of Action in the Plan are appropriate and

in the best interests of the Debtors, their Estates and all holders of Claims and Interests.

### M.    Approval of Discharge of Claims and Termination of Interests

85.    The discharge provision as set forth in section 12.3 of the Plan is

approved, is so ordered and shall be immediately effective on the Effective Date without further

order or action on the part of the Court or any other party.  Except as provided in the Plan or this

Confirmation Order, the rights afforded in and the payments and distributions to be made under

the Plan shall discharge all existing debts, Claims and Causes of Action of any kind, nature or

description whatsoever against or in the Debtors or any of their assets or properties to the fullest

extent permitted by Bankruptcy Code section 1141.  Except as provided in the Plan, upon the

Effective Date, all existing Claims and Causes of Action against the Debtors shall be, and shall

be deemed to be, discharged and terminated, and all holders of such Claims (and all

representatives, transferees or agents on behalf of each holder) shall be precluded and enjoined

from asserting against the Debtors, their successors or assigns, or against any of the assets or

properties of the Debtors, any other or further Claim or Cause of Action based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or proof of Interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

### N.    Approval of Discharge of Debtors

86.    The discharge provision as set forth in section 12.4 of the Plan is approved, is so ordered and shall be immediately effective on the Effective Date without further order or action on the part of the Court or any other party.

87.    Except as specifically set forth in the Plan, as of the Effective Date, each Person that is a holder (as well as any trustees and agents on behalf of such Person) of a Claim, Interest or Cause of Action and any Affiliate of such holder shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by Bankruptcy Code section 1141, of and from any and all Claims, Interests and Causes of Action that arose prior to the Effective Date.  Except as otherwise provided in the Plan, upon the Effective Date, all such holders of Claims and Interests and their Affiliates shall be forever precluded and enjoined, pursuant to Bankruptcy Code section 524, from prosecuting or asserting any such discharged Claim and Cause of Action against, or terminated Interests in, the Debtors.

### O.    Authority to Enter Into the Secured GUC Note

88.    The Debtors are authorized in all respects to execute and fully perform under the Secured GUC Note.  The Secured GUC Note shall become immediately effective upon execution thereof.  The executed version of the Secured GUC Note shall constitute a legal, valid, binding and authorized obligation of the Reorganized Debtors, enforceable in accordance with its terms.  The Secured GUC Note shall be deemed to have been entered into in good faith and for legitimate business purposes, to be reasonable, and shall not constitute a preferential transfer or

fraudulent conveyance under the Bankruptcy Code or any other applicable nonbankruptcy law. On the Effective Date, all of the liens and security interests to be granted in accordance with the Secured GUC Note shall be legal, binding and enforceable liens on, and security interests in, the collateral granted thereunder in accordance with the terms of the Secured GUC Note and shall be deemed perfected on the Effective Date.  The Reorganized Debtors are hereby authorized to enter into, fully perform all acts under, and make, execute and deliver all documents in connection with the Secured GUC Note without further order of the Court.  In furtherance of the Secured GUC Note, the Committee Designee, as the holder of the Secured GUC Note, is hereby authorized to file or record financing statements, notices of liens or similar instruments in any jurisdiction (whether domestic or foreign), or take any action to validate and perfect the liens and security interests granted hereunder or under the Secured GUC Note that would be applicable in the absence of the Plan and this Order (it being understood that perfection shall occur automatically by virtue of the entry of this Order, but subject to the occurrence of the Effective Date, and any such filings, recordings, approvals and consents shall not be required).  The Debtors and the Reorganized Debtors shall execute and deliver to the Committee Designee, as appropriate, all such agreements, financing statements, instruments and other documents that the Committee Designee may reasonably request to more fully evidence, confirm, validate, perfect, preserve and enforce the Secured GUC Note and the security interests arising thereunder or related thereto.  All such documents will be deemed to have been recorded and filed as of the Effective Date.

**P.    Approval of Assumption and Rejection of Executory Contracts and Unexpired Leases**

89.    All Executory Contracts and unexpired leases to which any of the Debtors is a party shall be deemed automatically rejected pursuant to Bankruptcy Code sections 365 and

1123 effective as of and subject to the occurrence of the Effective Date, except for those Executory Contracts or unexpired leases that:  (a) have already been assumed or rejected pursuant to a final order of the Court entered prior to the Effective Date; (b) have previously expired or been terminated pursuant to their own terms (and were not otherwise extended); (c) are the subject of a separate motion to assume or reject pending on the Effective Date; or (d) are specifically designated in the Plan Supplement as contracts or leases to be assumed by the Reorganized Debtors pursuant to the Plan.  The Debtors shall have the right to alter, amend, modify or supplement the list of the Executory Contracts and unexpired leases identified in the Plan Supplement prior to the Effective Date.

90.    Entry of this Confirmation Order shall, subject only to the occurrence of the Effective Date, constitute the approval, (a) pursuant to Bankruptcy Code sections 365(a) and 1123(b)(2), of the assumption of the Executory Contracts and unexpired leases assumed pursuant to article X of the Plan, (b) pursuant to Bankruptcy Code sections 365(a) and 1123(b)(2), of the assumption and assignment of the Executory Contracts and unexpired leases assumed and assigned pursuant to article X of the Plan and (c) pursuant to Bankruptcy Code sections 365(a) and 1123(b)(2), of the rejection of the Executory Contracts and unexpired leases rejected pursuant to article X of the Plan.  To the extent any provision of an Executory Contract or unexpired lease to be assumed by any of the Reorganized Debtors under the Plan limits such Reorganized Debtor's ability to assign such Executory Contract or unexpired lease, the effectiveness of such provision shall be limited or nullified to the full extent provided in Bankruptcy Code section 365(f).

91.    Unless otherwise specified in the Plan Supplement, on a schedule to the Plan or a notice sent to a given party, each Executory Contract and unexpired lease listed or to be

listed thereon shall include any and all modifications, amendments, supplements, restatements and other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Executory Contract or unexpired lease, without regard to whether such agreement, instrument or other document is listed thereon.

### Q.    Notice of Assumption and Rejection of Executory Contracts and Unexpired Leases Assumed Under the Plan

92.    The filing of the Plan, the Plan Supplement and the schedules thereto and the publication of notice of the entry of this Confirmation Order provide adequate notice of the assumption, assumption and assignment and rejection of the Executory Contracts and unexpired leases pursuant to article X of the Plan (both for contracts and leases that appear in the Plan Supplement and for contracts and leases assumed or rejected by category or default).

### R.    Cure of Defaults

93.    The parties to each Executory Contract and unexpired lease to be assumed, or assumed and assigned pursuant to the Plan were afforded good and sufficient notice of such assumption or assumption and assignment and an opportunity to object and be heard.

94.    Consistent with article X of the Plan, except as may otherwise be agreed to by the parties, any default under an Executory Contract or unexpired lease to be assumed pursuant to the Plan shall be satisfied, under Bankruptcy Code section 365(b)(1), by the payment of the applicable Cure Amount in Cash within thirty (30) days of the later of:  (i) the Effective Date or (ii) in the case of a disputed default, the date such dispute is resolved, whether by agreement or by the entry of a Final Order, *provided* that the Debtors or Reorganized Debtors, as applicable, shall be authorized to reject any Executory Contract or unexpired lease to the extent the Debtors or Reorganized Debtors, in the exercise of their sound business judgment, conclude that the amount of the cure obligation as determined by such Final Order renders the assumption

of such Executory Contract or unexpired lease unfavorable to the Debtors or Reorganized Debtors, as applicable.

95.    Any party that fails to object to the applicable Cure Amount listed in the Plan Supplement within thirty (30) days of the filing thereof shall be forever barred, estopped, and enjoined from disputing such amount and/or from asserting any Claim against the applicable Debtor under Bankruptcy Code section 365(b)(1) in excess of such Cure Amount.

### S.    Rejection Claims and Rejection Bar Date

96.    Any proofs of Claim with respect to Rejection Damage Claims shall be filed with the Court and served on the Reorganized Debtors on or before (a) the first Business Day that is thirty (30) calendar days after the Effective Date, with respect to the Executory Contracts and unexpired leases rejected pursuant to the Plan, (b) the first Business Day that is thirty (30) calendar days after entry of an order authorizing the rejection of the relevant Executory Contract or unexpired lease, with respect to the Executory Contracts and unexpired leases rejected other than pursuant to the Plan or (c) such other date as is ordered by the Court. The failure to properly file and serve a proof of Claim with respect to a Rejection Damage Claim by the applicable deadline set forth herein and in section 10.4 of the Plan shall result in such Claim being deemed forever barred and disallowed as of the Effective Date without the need for any objection by the Reorganized Debtors or further notice to, or action, order or approval of, the Court. The Debtors, the Reorganized Debtors or the Committee Designee, as applicable, may contest any Rejection Damage Claim in accordance with, and to the extent provided by, article IX of the Plan and the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

### T.    Adequate Assurance for Counterparties to Executory Contracts Assumed Under the Plan

97.    Subject only to the occurrence of the Effective Date, all counterparties to the Executory Contracts and unexpired leases of the Debtors assumed and assigned in accordance with article X of the Plan are deemed to have been provided with adequate assurance of future performance pursuant to Bankruptcy Code section 365(f).

### U.    Administrative Claims Bar Date

98.    The Administrative Claims Bar Date shall be 5:00 p.m. (prevailing Eastern Time) on the first Business Day occurring after the thirtieth (30th) day following the Effective Date.  The Administrative Claims Objection Deadline shall be ninety (90) days following the Administrative Claims Bar Date or such other date as established by a final order of the Court.

### V.    Professional Fee Claims

99.    Each Professional or other Person asserting a Professional Fee Claim shall file and serve on the Debtors, the Sponsor and such other Persons who are designated by the Bankruptcy Rules, the Confirmation Order, the Interim Compensation Order or other final order of this Court an application for final allowance of such Professional Fee Claim no later than the Administrative Claims Bar Date.  Objections to any such Claim shall be filed and served on the Debtors, the Sponsor, the U.S. Trustee and the requesting party no later than twenty-one (21) days following the Administrative Claims Bar Date; *provided*, *however*, that (1) neither the Sponsor nor Alden shall object to the allowance of any reasonable Professional Fee Claim on account of fees and expenses incurred by the relevant Professional during the period beginning August 1, 2013 through the Effective Date to the extent such Claim does not exceed the amount established for the relevant Professional in the Professional Fee Budget and (2) any pending objections to Professional Fee Claims of the Creditors' Committee's Professionals are hereby deemed withdrawn with prejudice.

100.    If no objections are timely filed and properly served in accordance with the procedures contained herein with respect to a given request or all timely objections are subsequently resolved, such Professional shall submit to the Court for consideration a proposed order approving the Professional Fee Claim as an Allowed Professional Fee Claim in the amount requested (or otherwise agreed), and the order may be entered without a hearing or further notice to any party; *provided*, *however*, that as has been agreed between the Sponsor and each Professional, Allowed Professional Fee Claims for fees and expenses incurred by such Professional during the period beginning August 1, 2013 through the Effective Date shall not exceed the amounts set forth for such Professional in the Professional Fee Budget.  The Allowed amounts of any Professional Fee Claims subject to unresolved timely objections will be determined by the Court at a hearing to be held no later than sixty (60) calendar days after the Administrative Claims Bar Date.

101.    On the Effective Date, the Reorganized Debtors shall establish the Professional Fee Escrow Account, funded with Cash in the aggregate amount established for the fees and expenses of Professionals in the Professional Fee Budget, less any agreed-upon reductions in the amounts set forth for the Professional Fee Claims (in the sole discretion of each Professional) in the Professional Fee Budget, for the purposes of paying Allowed Professional Fee Claims; *provided*, *however*, that the amount funded by the Reorganized Debtors into the Professional Fee Escrow Account shall be reduced by any amounts paid to Professionals prior to the Effective Date.

**W.    Plan Implementation**

**i.    *Sources of Consideration***

102.    All payments or distributions under the Plan shall be funded by existing Cash on hand with the Debtors or Reorganized Debtors, as applicable, as of the Effective Date,

including any proceeds from the sales of certain assets of the Debtors prior to the Effective Date, and a Cash contribution made by the Sponsor to the Estates on the Effective Date in the maximum aggregate amount of $3,419,000.00. Further, and in addition to the Sponsor Intercompany Claims Waivers, on the Effective Date, the Sponsor shall make the following non-monetary contributions of value to the Estates in the aggregate amount of approximately $1,749,000.00: (i) the waiver of the Sponsor's claim on account of certain postpetition royalty payments accrued and payable to the Sponsor from the Debtors' use of the "Dungeons & Dragons" license during the Cases in the amount of approximately $875,000.00; (ii) the assumption of certain salary and rent expenses of the Debtors in the maximum amounts of $240,000.00 and $190,000.00, respectively, to be paid in the ordinary course as such expenses become due and payable; and (iii) the waiver of the Sponsor's right to any claims for errors and omissions and the Sponsor's assumption of liability for business-travel-related accidents, resulting in savings of $444,000.00 for the Estates.

103.    In consideration for the Sponsor Contributions, the existing holders of Interests in the Debtors shall retain such Interests on the Effective Date. Any Cash remaining in the Estates following the completion of all payments or distributions under the Plan shall be repaid to the Sponsor. Further, the Sponsor Cash Contribution shall be reduced, on a dollar-for-dollar basis, by any funds received by the Debtors from DTI Software, Inc. on or before the Effective Date.

**ii.    *Continued Corporate Existence***

104.    Each Debtor, as a Reorganized Debtor, shall continue to exist after the Effective Date as a separate legal entity, in accordance with the applicable laws in the jurisdiction in which each Debtor is incorporated, and pursuant to the relevant certificates or

articles of incorporation, memoranda of association, articles of association and by-laws, as applicable, of each Debtor in effect prior to the Effective Date, except to the extent such documents are amended pursuant to the Plan.

### iii.    *Postconfirmation Organization Documents*

105.    On the Effective Date, or as soon thereafter as practicable, to the extent required by law, each Reorganized Debtor will file its Postconfirmation Organizational Documents, substantially in the forms disclosed in the Plan Supplement, as required or deemed appropriate, with the appropriate Persons in its jurisdiction of incorporation.

### iv.    *Directors of the Reorganized Debtors*

106.    Upon the occurrence of the Effective Date, the Persons proposed to serve as the new Directors of the Reorganized Debtors, as identified in the Plan Supplement, shall automatically constitute the new board of directors of the Reorganized Debtors.

### v.    *Compensation of Officers and Directors of Reorganized Debtors*

107.    The entry of this Confirmation Order constitutes authorization and approval to retain Officers and Directors in accordance with the Plan Supplement detailing post-emergence compensation of the Officers and Directors.

### vi.    *Exemption from Securities Laws*

108.    To the maximum extent provided by Bankruptcy Code section 1145 and applicable non-bankruptcy law, the issuance under the Plan of the Secured GUC Note and any other securities pursuant to the Plan and any subsequent sales, resales, transfers or other distributions of such Secured GUC Note or other securities shall be exempt from registration under the Securities Act, any other federal or state securities law registration requirements and all rules and regulations promulgated thereunder.

     **vii.**    *Effectuating Documents and/or Further Transactions*

         109.   On or before the Effective Date, and without the need for any further order or authority, the Debtors or Reorganized Debtors, as applicable, shall file with the Court or execute, as appropriate, such agreements and other documents that are in form and substance reasonably satisfactory to the Sponsor as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan. The Debtors are authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

     **viii.**    *Exemption from Transfer Taxes*

         110.   Pursuant to Bankruptcy Code section 1146(a), the issuance, transfer or exchange of any notes or equity securities under or in connection with the Plan, the creation, filing or recording of any mortgage, deed of trust or other security interest, the making, assignment filing or recording of any lease or sublease, the transfer of title to or ownership of any of the Debtors' interests in any property, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the issuance of the Secured GUC Note, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any document recording, stamp, real estate transfer, sales and use, mortgage recording or other similar tax.

     **ix.**    *Corporate Action*

         111.   On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the managers, directors or shareholders of one or more of the

Debtors shall be in effect from and after the Effective Date pursuant to the applicable general corporation law of the states of Delaware or California, as applicable, without any requirement of further action by the managers, directors or shareholders of the Reorganized Debtors.

112.    In accordance with Bankruptcy Code section 1142, section 303 of the Delaware General Corporation Law and any comparable provisions of the business corporation law of any other state, but subject to the fulfillment or waiver of all conditions precedent listed in section 11.1 of the Plan, without further action by the Court or the stockholders, managers or directors of any Debtor or Reorganized Debtor, the Debtors, the Reorganized Debtors, as well as the president, the chief executive officer, the chief financial officer, any vice president, the secretary and the treasurer of the Corporation of the appropriate Debtor or Reorganized Debtor, are authorized to:  (a) take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan, this Confirmation Order or the transactions contemplated thereby or hereby, including, without limitation, those transactions identified in the Plan and the payment of any taxes owing in respect of distributions under the Plan and (b) execute and deliver, adopt or amend, as the case may be, any contracts, instruments, releases, agreements and documents necessary to implement, effectuate and consummate the Plan.

### X.    Stay of Confirmation Order Waived

113.    The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062 and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order and the Debtors are authorized to consummate the Plan immediately upon entry of this Confirmation Order.  It is intended that the period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

### Y.    Binding Effect of Prior Orders

114.    Pursuant to Bankruptcy Code section 1141, effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, the Reorganized Debtors and their respective successors and assigns.

**Z.    Binding Effect of the Plan**

115.    The Plan shall be binding upon and inure to the benefit of the Debtors, the Reorganized Debtors, the Committee Designee, all present and former holders of Claims or Interests and their respective heirs, executors, administrators, successors and assigns.

**AA.    Notice of Confirmation of the Plan and Effective Date**

116.    Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Debtors or the Reorganized Debtors are directed to electronically file with the Court and serve a notice of the entry of this Confirmation Order and the Effective Date, on all parties that received the Confirmation Hearing Notice and parties to Executory Contracts or unexpired leases no later than five (5) Business Days after the Effective Date; *provided*, *however*, that the Debtors or the Reorganized Debtors shall be obligated to serve such notice only on the record holders of Claims or Interests as of the Confirmation Date.  As soon as practicable after the entry of this Order, the Debtors shall make copies of this Confirmation Order and the notice available on their website at http://www.bmcgroup.com/atari.

**BB.    Miscellaneous Provisions**

**i.    *Reservation of Rights***

117.    Except as expressly set forth in the Plan, the Plan shall have no force or effect unless the Court enters the Confirmation Order and the Confirmation Order shall have no force or effect if the Effective Date does not occur.  None of the filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by the Debtors with respect to the Plan, Disclosure Statement, or Plan Supplement shall be deemed to be an admission or waiver of any rights of the Debtors with respect to the holders of Claims or Interests prior to the Effective Date.

### ii.    *Plan Modifications*

118.    The Plan may be altered, amended or modified at any time after the Confirmation Date and before substantial consummation, but only after consultation with and consent (which consent shall not be unreasonably withheld) to such alteration, amendment, or modification by the Sponsor; *provided*, *however*, that the Plan, as altered, amended or modified, satisfies the requirements of Bankruptcy Code sections 1122 and 1123, and the Court, after notice and a hearing, confirms the Plan, as altered, amended, or modified, under Bankruptcy Code section 1129, and the circumstances warrant such alterations, amendments or modifications.  A holder of a Claim or Interest that has accepted the Plan will be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of such holder's Claim or Interest.

119.    Prior to the Effective Date, the Debtors, with the consent of the Sponsor (which consent shall not be unreasonably withheld), may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Court, provided that such

technical adjustments and modifications do not adversely affect in a material way the treatment

of holders of Claims or Interests.

### iii.    *Approval of Consents*

120.    This Confirmation Order shall constitute all approvals and consents

required, if any, by the laws, rules and regulations of all states and any other governmental

authority with respect to the implementation or consummation of the Plan and any documents,

instruments, or agreements, and any amendments or modifications thereto, and any other acts

and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure

Statement, and any documents, instruments or agreements, and any amendments or

modifications thereto.

### iv.    *Payment of Professionals*

121.    Upon the Effective Date, any requirement that Professionals comply with

Bankruptcy Code sections 327 through 331 in seeking retention or compensation for services

rendered after such date shall terminate, and the Reorganized Debtors may employ and pay all

Professionals in the ordinary course of business (including with respect to the month in which

the Effective Date occurs) without any further notice to, action by or order or approval of this

Court or any other party.   Professionals shall be paid pursuant to the "Monthly Statement"

process set forth in the Interim Compensation Order with respect to all calendar months ending

prior to the Effective Date.

### v.    *Dissolution of Creditors' Committee*

122.    On the Effective Date, the Creditors' Committee shall be automatically

dissolved and its members shall be released and discharged of all further authority, duties,

responsibilities and obligations related to and arising from, and in connection with, the Cases and

under the Bankruptcy Code, provided further that the retention or employment of the Creditors'

Committee's Professionals shall terminate, except that such Professionals shall be permitted to

(i) file and prosecute their respective applications for final allowance of their Professional Fee

Claims and (ii) participate in any appeal of the Confirmation Order, which may be filed by a

party other than the Creditors' Committee.

### vi.    *Continued Engagement of Professionals*

123.    On the Effective Date, the engagement of each Professional retained by

the Debtors and the Creditors' Committee may be terminated without further order of the Court

or act of the parties; *provided*, *however*, such Professional shall be entitled to prosecute its

respective Professional Fee Claims and represent its respective constituents with respect to

applications for payment of such Professional Fee Claims.

### vii.    *Plan as Confirmed*

124.    Any document related to the Plan that refers to a plan of reorganization of

the Debtors other than the Plan confirmed by this Confirmation Order shall be, and hereby is,

deemed to be modified such that the reference to a plan of reorganization of the Debtors in such

document shall mean the Plan confirmed by this Confirmation Order, as appropriate.

### viii.    *Inconsistencies*

125.    In the event of an inconsistency between the Plan, on the one hand, and

any other agreement, instrument, or document intended to implement the provisions of the Plan,

on the other, the provisions of the Plan shall govern, unless otherwise expressly provided for in

such agreement, instrument or document.  In the event of any inconsistency between the Plan or

any agreement, instrument or document intended to implement the Plan, on the one hand, and

this Confirmation Order, on the other, the provisions of this Confirmation Order shall govern.

### ix.    *Non-Occurrence of Effective Date*

126.    If the Effective Date does not so occur, then:  (a) this Confirmation Order shall be vacated and all provisions contained herein, including without limitation, any provisions relating to discharge, shall be null and void; (b) no distributions under the Plan shall be made; (c) the Debtors and all holders of Claims and Interests shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred; and (d) the Debtors' obligations with respect to the Claims and Interests shall remain unchanged and nothing contained in the Plan shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

127.    If the Plan is revoked or withdrawn pursuant to section 14.3 of the Plan prior to the Effective Date, the Plan and all settlements and compromises set forth in the Plan, and not otherwise approved by a separate final order, shall be deemed null and void.

### x.    *Continuing Jurisdiction*

128.    The businesses and assets of the Debtors shall remain subject to the jurisdiction of the Court until the Effective Date.  Notwithstanding the entry of this Confirmation Order, from and after the Effective Date, the Court shall retain such jurisdiction as is legally permissible, including jurisdiction over those matters and issues described in article XIII of the Plan.

### xi.    *Governing* Law

129.    Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan or Plan Supplement

provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit), the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without giving effect to its principles of conflict of law.

### xii.    *Substantial Consummation*

130.    On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127(b).

### xiii.    *References to Plan Provisions*

131.    The failure to include or specifically describe or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety.

### xiv.    *Findings of Fact*

132.    The determinations, findings, judgments, decrees and orders set forth and incorporated herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

### xv.    *Post-Confirmation Order*

133.    Unless otherwise ordered by this Court, on or after the Effective Date, the requirements of Local Bankruptcy Rule 3021-1 are hereby waived with respect to the Reorganized Debtors.

**xvi.    *Final Order***

134.    This Confirmation Order is intended to be a final order and the period in which an appeal must be filed to commence upon the entry hereof.  Notwithstanding Bankruptcy Rule 3020(e) or any other Bankruptcy Rule, this Confirmation Order shall immediately be effective and enforceable upon its entry.

Dated: New York, New York
       December 5, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge